MAR 3 1 2008

U.S. DISTRICT COURT

AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: De la ware | |
|---|---|---|
| Name (under which you were convicted): SYlvester Miller | | Docket or Case No.: 0 8 ~ - 1 7 8 |
| Place of Confinement : Delaware Correctional Center, 1181 Paddock Road SMYrna, DE 19977 | | Prisoner No.: 532861 |
| Petitioner (include the name under which you were convicted) SYlvester Miller | Respondent (authorized person having custody of petitioner) v. PerrY PhelPs, Warden | |
| The Attorney General of the State of Joseph R. Biden. III | | |

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging: IN SUperior Court, New Castle County Court house  500 North King Street, suite. Wilmington, DE 19801.

(b) Criminal docket or case number (if you know): 0408012099

2.    (a) Date of the judgment of conviction (if you know): MarCh 28, 2005 bY JurY.

(b) Date of sentencing: June 17, 2005,

3.    Length of sentence: 92 Years,

4.    In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:
6 Count RaPe 1St, 1Ct of Continuous Sexual Abuse of a child.

6.    (a) What was your plea? (Check one)

|  | |  |  | |
|---|---|---|---|---|
| ☑ (1) | Not guilty | ☐ | (3) | Nolo contendere (no contest) |
| ☐ (2) | Guilty | ☐ | (4) | Insanity plea |

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Supreme Court

(b) Docket or case number (if you know): No. 312, 2005

(c) Result: AFFIRMED

(d) Date of result (if you know): March 9, 2006

(e) Citation to the case (if you know):

(f) Grounds raised: Defense Counsel raise Eight error.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Superior Court

(2) Docket or case number (if you know): Cr. ID No. 0608012099

(3) Date of filing (if you know): 7-6-06

(4) Nature of the proceeding: Rule 61

(5) Grounds raised: Ground one: Illegal detention. The Sixth Amendment rights to Counsel's was Violated by Police officers one on one interrogation; Ground Two: Defendant was denied the rights by the trial Court and trial Counsel's to Subpoena witnesses to testify for his defense; Ground Three: Defective indictment, and false accusation, admission of Complainant Statement about Rape, Sodomy, oral Sex, Jamaica was lies, Conspiracy by Fiona Riley, Alicia Millers and Anthoy Miller, theft, Pure hatred, black mail, bias and Presudicial errors by the State let the criminal Fiona Riley Fled the State after She committer crime Froud, theft, Persury.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Denied

(8) Date of result (if you know): Oct. 29, 2007

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      ☒ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☐ No

(3) Third petition:     ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Illegal detention of defendant. The Sixth Amendment rights to counsel's was violated by Police officers one and one interrogation, and no statement's illegally elicited by Police

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): during interrogation may be used against defendant at a criminal trial, that was taken in violation of defendant miranda rights. The Police use lies and tricks to let defendant speak, when defendant request counsel's, and wish to remain silent, Police officer DianA Smith made a vediotaped without defendant knowledge and turn it over to the state that was use at trial, The intimidation of the Police officers was 'over borne' coercive with lies; Defendant was taken advatage of because he was a Jamaican national's who never commit a crime.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: $Post- Conviction$

Name and location of the court where the motion or petition was filed: $Superior Ct. N.C.C.$


Docket or case number (if you know): $0408012099$

Date of the court's decision: $Oct. 29, 2007$

Result (attach a copy of the court's opinion or order, if available): $Denied$


(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: $Del. Supreme Ct.$


Docket or case number (if you know): $595, 2007$

Date of the court's decision: $March 7, 2008$

Result (attach a copy of the court's opinion or order, if available): $Affirmed$


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 12/04)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

GROUND TWO: Defendant was denied the rights by the Court, and trial Counsel to Subpoena witnesses to testify for his defense against false and double Jeopardy indictment by the State.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Defendant write counsel and ask for five important eye witnesses, none was Present at trial, counsel's failure to interview, or Call any of defendant witnesses, denied defendant Pretrial discovery, when it was of Value to his Client, the trial court failure to grant a motion for Judgment of acquittal after State doctor testimony, no medical certainty of sexual abused, and no DNA. false, and Perjury allegation charges against defendant.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction

Name and location of the court where the motion or petition was filed: Superior Ct. N.C.C.

Docket or case number (if you know): 0H080120 99

Date of the court's decision: 0 Ct. 29, 2007

AO 241
(Rev. 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Del. Supreme ct.

Docket or case number (if you know): 595, 2007

Date of the court's decision: March 7, 2008

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

GROUND THREE: Defective indictment, and false accusation,
Admission of false complaint statement about Rape, oral
Sex, Jamaica, was lies, bias, Presudice, black mail, pure
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): hatred,
Stealing by two Prostitute name michelle E. O Jons, and Siona
Riley that steal defendant taxes money, retirement Funds;
and two Vehicle, Michelle, Fled to Florida, and Siona
Riley Fled to Jamaica with defendant retirement Fund,
and sell defendant new Truck, and steal the money over $20,000.
Siona Riley use Alicia Miller to tells lies on her father,

AO 241 (Rev. 12/04)                                                                                   Page 10

*No investigation was conduct by the State, use lies to file false charges against defendant,*

(b) If you did not exhaust your state remedies on Ground Three, explain why?

*because of ineffective assistance of counsel's and Prejudicial Error's and constitutional violation, by injecting a written letter in the trial without handwritten expert or defendant consent, counsel failure to make timely objection at his client request.*

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Post Conviction*

Name and location of the court where the motion or petition was filed: *Superior Ct. N.C.C.*

Docket or case number (if you know): *0408012099*

Date of the court's decision: *Oct. 29, 2007*

Result (attach a copy of the court's opinion or order, if available): *denied*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Del. Supreme Ct.*

Docket or case number (if you know): *595, 2007*

Date of the court's decision: *March 7, 2008*

Result (attach a copy of the court's opinion or order, if available): *Affirmed*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

GROUND FOUR: Defendant had been "denied the rights of effective
Cross-examination "which" would be constitutional error's
of the first magnitude and no amount of Shewing of
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Want of
Presudice would Cure it, The Prosecutor mislead the Jury.
with lies, misstatement of false allegations misconduct Pres-
udicial remarks bias to defendant character. Defense
Counsel's Procedurally default waiver of defendant
Constitutional rights without his Knowledge, unconstitut-
ionally ineffective assistance of Counsel's by the state,
Superior Court, Police, defense Counsel, defendant was
denied all legal assistance When it was most needed at
Pretrial Stage, biasand Presudice to his client defense.
(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction

✎AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed: Superior Ct. N.C.C.

Docket or case number (if you know): OK080120 99

Date of the court's decision: O Ct. 29, 2007

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Del. Supreme Ct.

Docket or case number (if you know): 595 2007

Date of the court's decision: March 7, 2008

Result (attach a copy of the court's opinion or order, if available): Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?     ☑ Yes     ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court? If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?     ☐ Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?     ☐ Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:

       (b) At arraignment and plea: DAViD J. J. FaCCiolo, ESQuire,

       (c) At trial: DAViD J. J. FaCCiolo ESQuire.

       (d) At sentencing: DAViD J. J. FaCCiolo, ESQuire,

       (e) On appeal: DAViD J. J. FaCCiolo, ESQuire,

       (f) In any post-conviction proceeding: Pro Se

       (g) On appeal from any ruling against you in a post-conviction proceeding: affirmed Pro Se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging? .          ☐ Yes    ☒ No
       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

       (b) Give the date the other sentence was imposed:

       (c) Give the length of the other sentence:

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?            ☒ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

✎AO 241
(Rev. 12/04)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
       custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

       (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
              of the time for seeking such review;

       (B)    the date on which the impediment to filing an application created by State action in violation of
              the Constitution or laws of the United States is removed, if the applicant was prevented from
              filing by such state action;

       (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
              Court, if the right has been newly recognized by the Supreme Court and made retroactively
              applicable to cases on collateral review; or

       (D)    the date on which the factual predicate of the claim or claims presented could have been
              discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on   3/28/08   (month, date, year).

Executed (signed) on   3/28/08   (date).

Sylvester Miller
_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

(1)  Defendant is held in Delaware State Prison in violation of the federal Constitution an laws of the united States. Defendant is entirely innocent of all state charges. Police, and Prosecutor's misConduct bias and Presudicial remarks. <u>Jackson v. viRGiNiA. 99 S.Ct. 2781 (1979).</u>  A State Prisoner's claim that evidence in support of his State Conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt be-yond a reasonable doubt is Cognizable in a federal habeas corpus Proceeding. <u>28 U.S.C.A. § 2254;</u> <u>U.S.C.A. Const. Amend. 14.</u>

In a challenge to a State Conviction brought under habeas corpus Statute which requires federal court to enter-tain State Prisoner's claim that he is being held in custody in violation of the constitution or laws of the united States. the applicant is entitled to habeas corpus relief if it is found that upon the evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. <u>28 U.S.C.A. § 2254; U.S.C.A. Const. Amend. 14.</u>

The Police officer's take advantage of Un Educated innocent defendant in violation of due Process clause of the Fourteenth Amendment 14. <u>TOWNSEND V. BURKE, 334 U.S. 736, 68 S.Ct. 1252)</u> <u>1948.</u> Absence of counsel, when a Aggravated by circumstances Shouing that it resulted in Prisoner actually being taken advantage of, or Presudiced, violates due Process. <u>U.S.C.A. Const. Amend. 14.</u> <u>MILLS V. SCULLY, 653 F.</u> <u>SUPP. 885) 1987.</u> Habeas Petitioner's ineffective assistance of Counsel claims, which were raised, and exhausted, in Postappeal State motion to vacate convictions were not Procedurally barred.

(2.) Prosecutorial misconduct, misstatement of false allegation in the indictments to the court and the jury in violation of defendant constitutional rights, highly damaging prejudicial remarks to defendant character and substantial rights of due process of law. At (A-1, To A-7) and at A-96-A-106, A-107-A-124. MARTIN v. PARKER, 11 F.3d 613 (6th Cir. 1993)

3. Prosecutors improper comments, in which he compared defendant to Adolf Hitler, and his repeated references, despite trial Judge's warnings, to defendant's prior bad acts, Combined to deny defendant his right to fair trial in Sexual abuse prosecution in violation of due process. U.S.C.A. Const. Amend. 14. [3] Martin initially alleges on appeal that prosecutorial misconduct denied him a fair trial. Specifically, Martin claims that the prosecutor's opening and closing arguments and cross-examination were prejudicial and that the prosecutor wrongly introduced evidence of uncharged acts and of his character. After considering the cumulative effect of these errors we agree the due process was not satisfied in this case. In the aggregate, the effect of these errors "was so prejudicial as to strike at the fundamental fairness of the trial." United States v. Parker, 997 F.2d 219, 222 (6th Cir. 1993).

Williams v. State, Del. Supr., 796 A.2d 1281 (2002). Prosecutor Should avoid using the term "I" during closing argument, because it serves to emphasize for the jury that the prosecutor personally believes the point that is being submitted to the jury. Prosecutors may not express their personal opinions or beliefs about the credibility of witnesses or about the truth of testimony.

(H.) Defense counsel's ineffectiveness, and Prosecutorial misconduct cause unfairly bias, and Presudice to defendant substantial rights, couple with defendant Pretrial Discovery, and Rule 16 Discovery, denial of transcripts for the Past three years now, denial of defendant witnesses, consealment of serect videotaped that made by the Police officer with out defendant knowledge or consent and have it use at trial against him. Constitutional errors, Violation of the Fourth and Fourteenth Amendment rights of the united States constitution. miscarriage of Justice GRAVLEY V. MILLS, 87 F.3d 779) 1996. Attorney error that amounts to ineffective assistance of counsel can Constitute "cause" under cause and Presudice test for a federal habeas Petitioner's Procedural default of constitutional claims in State court. U.S.C.A. Const. Amend. 6. Tony V. Gammon, 79 F.3d 693 (8th cir. 1996) Habeas Petitioner was entitled through discovery to access to State's evidence to conduct DNA and other Scientific testing, court's denial of discovery is an abuse of discretion if discovery is indispensable to a fair, rounded development of material facts. Sager V. maass, 907 F.Supp. 1412 (D. or. 1995) Trial counsel's introduction of the entire Victim impact Statement into evidence as a handwriting Sample and as impeachment evidence, constituted ineffective assistance of counsel. this blunder alone factually tainted the trial. Groseclose V. Bell, 130 F.3d 1161 (6th cir. 1997) Trial counsel's failure to have any defense theory compounded with other errors constituted ineffective assistance.

(5.) IN Pretrial Stage defendant suffer from defense counsel's ineffectiveness, and Procedural default, bias, and Prejudice to defendant defense: (1) failure to promptly appointed by the honorable court (2) failure to advise defendant of his state, and federal constitutional protected rights, (3) counsel's neglect, ignorance, and unprofessional conduct failure to challenge, suppress, or strike the police statements that violated defendant miranda, and Fifth Amendment right at defendant request, (4) failure to confer with his client, and prepare his defense at his client request, and command, (5) failure interview or call any of defendant important eyewitnesses family, friends, bosses, (6) failure to file suppression motion at defendant request many months before trial, (7) counsel failure to conduct thorough and appropriate investigation at his client request (8) counsel failure to challenge the false affidavit from Florida, hand written, oral, or Fax, or tape statement, (9) failure to get hand written expert for his client, or his client own doctors (10) failure to get his client his own scientific expert for DNA testing, (11) counsel failure to give defendant Rule 16 discovery at Pretrial stage when it was of value to his client, (12) <u>MARZULLO V. MARYLAND, 561 F. 2d 540) 1977.</u> Representation afforded petitioner by defense counsel was outside range of competence expected of attorneys in criminal cases, hence, operated to deny petitioner effective assistance of counsel where it was clear from record that defense counsel failed to discharge his duty effectively by not moving to exclude duty while first indictment was dismissed and by thereafter foregoing petitioner's peremptory challenges before any voir dire examination. U.S.C.A. Const. Amends. 6, 14.

(6.)   (13) It was bias, and Presudice for the Court to remove the
first Attorney, and alloint DAVID J.J. Facciolo to the
movant case with out his knowledge, after three years
defendant still suffering bias, and Prejudice from the hands
Counsel's conslealment of false evidence that used again st his
Client, counsel is a racial discriminated Puppet for the State.
CRAwford V. State, Del. Supr., 580 A.2d 571 (1990)
[14] Where a suspect has made an explicit request
for the Assistance of counsel, the duty imposed upon the
Police is clear: No further questioning may occur until
Counsel is Provided or the suspect him self initiates further
Conversation. Edwards V. Arizona, 451 U.S. 477, 101 S.Ct. 1880,
68 L.Ed.2d 378 (1981). in Smith V. Illinois, 469 U.S. 91, 105
S.Ct. 490, 83 L.Ed.2d 488 (1984), Id. 105 S.Ct. at 493.
This court has applied this analysis in situations in which
the invocation is concededly present, see Wainwright V. State,
Del. Supr., 504 A.2d 1096 (1986); see also Brank V. State, Del.
Supr., 528 A.2d 1185, 1187 (1987). Fink V. State, Del. Super.,
817 A.2d 781 (2003) 11 Del. C. § 1169(4) and § 1111 (1)
Detective DIANA Smith, and other Police officers from new
Castle Police station has violated defendant miranda rights
On 8/11/2004 for know reason, with out Probable cause, defend-
ant was deprived of his constitutional guarantee Protection,
and Privilege against Self-incrimination, by the Police officers,
Grand Jury, Deputy Attorney General, trial Judge, and defense
counsel that appointed by the Superior court of the state of Delaware.
The Police officer secretly make a video tape of defendant and turn it
over to the State with out defendant knowledge in violation of defendant
Fifth Amendment right.

(7.) Defendant suffering from Years of Police brutality, torture by Delaware State Prison Staff extreme Pain torment, harassment denial of basic needs, because Prison criminal Rule to a innocent Person without Just cause, denial of medical care. ESCOBEDO V. STATE OF Illinois, 378 U.S. 478, 84 S.ct. 1758) 1964. Where the investigation is no longer a General inquiry into unsolved Crime but has begun to focus upon Particular Suspect, the suspect has been taken into Police custody. the Police carry out Process of interrogations, that leads itself to eliciting incriminating Statements. suspect has requested and been denied opportunity to consult with his lawyer, and Police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied constitutional right to assistance of Counsel, and no Statement elicited by Police during interrogation my be used against him at criminal trial. U.S.C.A. Const. Amends. 6, 14. (Invidious discrimination) by X wife michelle E. Olson, and Delaware State Police, Grand Jury, bias brejudice, and Pure Racial injustice. PRIEST v. State of Delaware, 227 A.2d 576) 1967. Equal Protection clause forbids invidious discrimination but does not require identical treatment for all Persons without recognition of differences in relevant circumstances. united States v. LAWHORNE, 29 F. Supp. 2d 292) 1998. Juror's actual bias in favor of Prosecutor in violation of defendant's Sixth Amendment rights was "Plain Error" requiring guilty verdict be set aside and defendant granted new trial, inclusion of Juror on the Jury during the trial was specific Presudice that affected defendant's "substantial rights" since credibility of the Prosecution's witnesses was crucial to the case and by no means Convincing. U.S.C.A. Const. Amend. 6, Fed. Rules Cr. Proc. Rule 52(b), 18 U.S.C.A.

(8.) MAPP V. OHIO, 367 U.S. 643, 6 L ed 2d 1081, 81 S. Ct. 1684

The rule which excludes unconstitutional evidence from being admitted in a State criminal trial is an essential part of both the Fourth and Fourteenth Amendments. [See annotation p. 1544, infra]. Defendant commit no crime against his own child to put on trial in the State of Delaware, from the false accusation made by michelle E. Oson in Florida and Fax to Delaware Police by the third days it was in the news paper all over the State of Delaware in violation my civil rights.

Huges V. STATE, Del. Supr., 490 A.2d 1034 (1985)

When there are legitimate concerns of Juror exposure to unusually Presudicial Pretrial Publicity, test of determining Juror impartiality can best be satisfied if Judge determine what information each Juror has heard or read, the source of information and how it has affected his or her attitude toward defendant and case at hand.

Defendant is entitled to new trial for error in conducting Voir dire only if error complained of resulted in actual Prejudice or so infringed upon defendants fundamental right to fair trial as to raise Presumption of Prejudice.

Voir dire is essential in Permitting intelligent use of Peremptory challenges, and impairment of Peremptory challenge right is reversible error without showing of Prejudice.

In re Douglas A. NASH, 158 Vt. 458, 614 A.2d 367) 1992.

Counsel must examine Jurors on Voir dire in order to ascertain their qualifications and bias, if any, and then seasonably raise any objection to any member of the Panel.

(9.) The trial court abuse its discretion in its failure to conduct proper voir dire of bias, and prejudicial jurors that in favor of State Police, and Prosecutors, denied defendant his constitutional rights of a fair and proper voir dire. U.S.V. BECKNER, 69 F.3d 12 90 (5th cir 1995). District court's discretion in determining scope and method of Jury voir dire includes decision whether jurors should be questioned collectively or inddividually. at A-96, and at A-10. Defendant's right to impartial jury includes right to adequate voir dire to identify unqualified Jurors. U.S.C.A. Const. Amend.6.

united States V. GRAY, 788 F.2d 10 31 (4th cir, 1986) (1) newspaper articles were prejudicial to defendant, and (2) trial court's failure to question jurors regarding existence and extent of their exposure to newspaper articles was reversible error.

Trial court is required to determine whether information to which jury may have been exposed gives rise to substantial reason to fear prejudice.

Information to which jury may have been exposed is prejudicial where substantially adverse to defendant, not presented to trial jury in court and not properly admissible in trial. Mu'min V. Virgina, 500 US, 114 L. Ed 2d 493, 111 S.Ct. (1991). Voir dire enables court to select impartial jury and assists counsel in exercising peremptory challenges. Pilchak V. Camper, 741 F.supp. 782 (w.D.Mo.1990) Trial counsel's failure to proper ly voirdire jury and to adequately cross-examine governments witnesses, constitutes ineffective assistance of counsel.

(10.) <u>Mach V. Stewart, 129 F. 3d 495 (9th Cir. 1997)</u> Defendant's right to impartial Jury was violated during voir dire of a potential Jury when Jury Panel was exposed to Potential Juror's expert_like statements regarding veracity of children asserting claims of sexual abuse and error rose to level of structural error tainting the entire Jury Panel and mandating reversal. <u>DAVIS V. Davis, 361 F. 2d 770 (1966)</u>; where venire or Panel from which Petit Jury or Grand Jury was to be chosen was tainted by failure of Jury Commissioners to fulfill their duty to familiarize themselves with qualifications of eligible Jurors of County without regard to race and Color, the Petit Jury or Grand Jury selected there from was necessarily defective, and indictment returned Grand Jury Should have been quashed. <u>380 U.S. at 208-209, 85 S.Ct. at 829. Id. at 358, 59 S.Ct. at 538.</u> Testimony of ALEX DE Jon G.M.D. at A-49. Its Violation of defendant constitutional rights of due Process of law. <u>WHEAT V. STATE of Delaware, 527 A.2d 269 (1987.)</u> Any Voir dire concerning qualifications or Subject areas of Proposed testimony of expert witness in a child sexual abuse case must be conducted out of Presence of Jury. The Court error at law and abuse its discretion by failure to give Curative instruction to the Jury when the Prosecutor Commit Prejudicial errors. <u>United States V. Parker, 241 F. 3d 1114, 1120 (9th Cir. 2001) United States V. Ramirez, 176 F. 3d 1179, 1183 (9th Cir. 1999).</u>

(11.) Defendant Constitutional rights to speedy trial was Violated by a bias, and Presudice Counsels, human rights abuses by the court, and State Department of Justice denial of legal, and effective assistance of Counsels for defense. From A-1-through A-120. illegal detention, False indictments, Skinner v. State of Delaware, 575A.2d 1108) 1990. State constitutional right to speedy trial corresponds to Sixth Amendment right to speedy trial U.S.C.A. Const. Amend. 6; Del. C. Ann, Const. Art. 1, § 7. U.S. V. Mala, 7 F. 3d 1058 (1st cir 1993). Trial Counsel's failure to litigate violation of Speedy trial act may constitute ineffective assistance; however, this claim was raised on direct appeal and the Court of appeals declined to address the merits of the issue. The court of appeals did indicate that if appellant filed a §2255 motion alleging ineffective assistance of counsel the district court should appoint Counsel. Nelson v. Hargett, 989 F. 2d 847 cir. 1993) Trial counsel's failure to pursue speedy trial claim may constitute ineffective assistance of counsel and has no Strategic value. Hollines V. Estelle, 569 F. Supp. 146 (W. D. Tex, 1983) Trial Counsel's failure to file motions to quash indictment, motion for discovery, motion to Produce exculpatory evidence under Brady V. mary-land, 373 U.S. 83, 10 L. Ed. 2 d 215, 83 S. Ct. 1194 (1963), and a motion for speedy trial, constituted ineffective assistance of counsel. And Motion contesting Violation of Inter-State Agreement ACT

(12.) United States v. Williams, 615 F.2d 585 (3rd cir., 1980)
Trial counsel's failure to investigate the violation of
the Interstate Agreement on Detainers Act which would
have warranted dismissal of the indictment required
an evidentiary hearing to resolve the ineffective
assistance of counsel claim. United States Ex. Rel.
Holleman v. Duckworth 652 F. Supp 82 (N.D. Ill. 1986)
Trial counsel's failure to argue that the State
Violated the Interstate Agreement on Detainer
Constituted ineffective assistance of counsel and
established "Cause" for failure to raise the issue.
The State Department of Justice, and its Grand Jury,
and the Public defender DAvid J.J. Facciolo, use
false information from Florida to violated defendant
due Process rights of the States Federal Protected
Constitutional rights without Just or probable cause.
Duty to Preserve evidence — The State's duty to disclose
evidence includes a duty to Preserve it as well
rooted in the due Process Provisions of the federal
and State constitutions. Deberry v. State, 457 A.2d
744 (Del. 1983). The duty to Preserve evidence
extends not only to the Attorney General's office,
but all investigative agencies, local, County and
State. Deberry v. State, 457 A.2d 744 (Del. 1983).
The State's duty to disclose is not limited to opinions
it intends to introduce in its case-in-chief. Secrest
V. State, 679 A.2d 58 (Del. 1996. Seward v. State,
723 A.2d 365 (Del. 1999).

(13.) U.S.V. SANTANA, 342 F. 3d 60 (1St Cir. 2003)

A FRanks hearing is required where the defendant makes a Substantial Preliminary Showing that a false Statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in a Search warrant affidavit, and if the allegedly false Statement is necessary to the finding of Probable Cause. U.S.C.A. Const. Amend. 4.

U.S.V. NELSON, 277 F. 3d 164 (2nd Cir. 2002)

Thirteenth Amendment is not a mere Prohibition of State laws establishing or upholding Slavery, but an absolute declaration that Slavery or involuntary Servitude Shall not exist in any Part of the united States, Such that legislation, so for as necessary or Proper to eradicate all forms and incidents of Slavery and involuntary Servitude, may be direct and Primary, operating upon the acts of individuals or not. U.S.C.A. Const Amend 13. The Starting Point in every Case involving Construction of a Statute is the language it self. When confronted with a statute with is Plain and unambiguous on its face, a Court, ordinarily does not look to legislative history as a guide to its meaning. U.S. V. BUSHYHEAD, 270 F. 3d 905 (9th Cir. 2001) The test for determining whether a Constitutional error is harmless is whether it appears beyond a reasonable doubt the error complained of did not contribute to the verdict obtained. Prosecutorial and defense Counsel's misconduct false and inflammatory language to Jury Violate defendant Constitutional rights.

(14.) False fact, false information obtained by the grand Jury, State Department of Justice, and the Superior Court use to violated defendant state, and federal constitutional Protected rights his bias Preiudice, Purl hat redideliberate and Purposeful Racial Discrimination, Racial in Justice, Racial abuses against defendant and his African family, denial of Education by the Spanish, FRench, English, and now the Jermans, Jewsiand Americans, mY Xwife is Jerman Jews and American blood mix in one. illegal detention, illegal Sentence, wrougful imprisonment, human Rights abuses by the State Department of Justice, in the State of Delaware. Smith V. PHiLLiPS, 102 S.ch 940 (1982) Federally issued writ of habeas corPus reaches only Convictions obtained in violation of Some Provision of the united States Constitution, and before federal court maY overturn Conviction resultinS from State trial it must be established not merelY that State's action is undesirable, erroneous or even universally condemned but that it violated Some right guaranteed to defendant by Fourteenth Amendment. 28 U.S.C.A. § 2254 (d); U.S.C.A. Const. Amend. 14. TouchStone of due Process analYsis in Cases of alleged Prosecutorial miConduet is fairness of trials not culPabilitY of Prosecutor; and Court of APPeals erred when it ConCluded that Prosecutorial misconduct alone reQuired new trial. bradY V. marYland, 373 U.S. 83, S. Ct. 1194, 10 L. Ed. 2d 215 (1963), united States V. ASurs, 427 U.S. 97, 96 S. Ct. 2392, 49 L.Ed.2d 347 (1976).

(15.) Alicia miller give false and perjury testimony to the court at trial (A-70-87) What day is your birth day A. January 1st, Q. of what Year? A 1981. Plain error. And many other lies Alicia told the court about her aunt Zion a Riley that was only in the stat for Two month. And michelle C o son that re martied to German man in florida from 2002. Alicia give Compleate false testimony to the court and distroy her own credibility. <u>United States V. moRRison, 101 S.Ct. 665</u> (1981). Testimony of Alicia Miller A-62.

The Sixth Amendment provides that an accused shall enjoy the right "to have the Assistance of counsel for his defense." This rights fundamental to our System of Justice is meant to assure fairness in the adversary criminal process. <u>Gideon V. wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L. Ed. 2 d 799 (1963)</u>; <u>Glass er V. united States, 315 U.S. 60, 69-70, 75-76, 62 S.Ct. 457, 464, 467 86 L. Ed. 680 (1942)</u>; <u>Johnson V. ZerbSt 304 U.S. 458, 462-463, 58 S.Ct. 1019, 1022, 82 L. Ed. 1461 (1938)</u>. our cases have accordingly been responsive to proved claims that governmental conduct has rendered counsel's assistance to the ineffective. <u>moore V. Illinois, 434 U.S. 220, 98 S.Ct. 458, 54 L. Ed. 2d 424 (1977)</u>; <u>Geders V. united States, 425 U.S. 80, 96 S.Ct. 1330, 47 L. Ed. 2d 592 (1976)</u>; <u>Herring V. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L. Ed. 2d 593 (1975)</u>; <u>Gilbert V. California, 388 U.S. 263 87 S.Ct. 1956 18 L.Ed. 2d 1178 (1976)</u>; <u>united States V. wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed. 2d 1149 (1967)</u>; <u>massiah V. united States, 377 U.S. 206 84 S.Ct. 1199, 12 L.Ed. 2d 246 (1964)</u>

(16.) Counsel's assistance fell below all standard of reasonableness, Counsel ommission, and default, was bias, and Presudice to defendant substantial rights, his failure to conduct any investigation or to advise his client of his rights. Counsel made plain errors in every steps of the proceedings leading up to the conviction. Hopkins V. State. Del, 893 A. 2d 922 (2006) under the "plain error" standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrety of the trial process. State v. Martel, 177 A.2d 236 1962. That it is duty of court to conduct trial with utmost impartiality and fairness is elementary and fundamental Const. C.2, § 28. Defendant is suffering from human rights abuses from the super power United States, and international slavery, and cruel unusual punishments by wrongful imprisonment, civil rights violation, and intention-ally, deliberately discrimination against defendant by the State Department of Justice, and its agents, without just cause. U.S. V. Poor Bear, 359 F.3d 1038, 1041 (8th cir 2004) (government failed to meet burden when it did not produce any evidence of defendant's abusive sexual conduct than unsubstantiated statements in PSR); U.S. V. Deninno, 29 F.3d 572, 580 (10th cir. 1994) (defendant bears burden of alleging, alleging factual inaccuracies but government bears burden of proof); U.S. V. Butler, 41 F.3d 1435, 1446 (11th cir. 1995). Ineffective assistance of counsel, counsel has failed to discharge his professional responsibilities to his client, reckless disregard for the truth of the matter in the case,

(17.) BURTON V. LIVINGSTON, 791 F. 2d 97 (8th Cir. 1986)
112 S. Ct. 995, 503 U.S. 1, Hudson V. Mc Millian, (U.S. La.
1992). [4] With respect to the objective component of an
Eight Amendment Violation, Wilson announced no new rule.
Instead, that decision suggested a relationship between
the requirements applicable to different * 1000 types of
Eight Amendment claims; what is necessary to show
Sufficient harm for purpose of the Cruel and Unusual
Punishments clause depends upon the claim at issue, for
two reasons. First, "[T]he general requirement that an
Eighth Amendment claimant allege and prove the unne-
cessary and wanton infliction of pain should-----be
applied with due regard for differences in the kind
of conduct against which an Eighth Amendment objection
is lodged. "Whitley, Supra, H 75 U.S., at 320, 106 S.Ct. at
1084. Second, the Eighth Amendment's Prohibition of cruel
and unusual Punishments" draw [5] its meaning from
the evolving standards of decency that mark the progress
of a maturing Society, "and so admits of few absolute
limitations. Rhodes V. Chapman, H 52 U.S. 337, 346, 101
S.Ct. 2392, 2399, 69 L. Ed.2d 59 (1981) (quoting TropV.
Dulles, 356 U.S. 86, 101, 78 S.ct. 5 90, 598, 2 L. Ed.2d
630 (1958) (Plurality Opinion)). The objective component
Of an Eighth Amendment Claim is therefore contextual
and responsive to "contemporary standards of decency."
Estelle, Supra, 429 U.S., at 103, 97 S.ct., at 290.
For instance, [503 U.S. 9] Counsel failed to file motion
to suppress false information in the affidavit warrant
September 2004 at his client request unethical Professional.

(18.) Everything was going fine when X wife Michelle E. Ogou was filing the taxes for defendant and his three children Alicia, Anthony and Elijah, defendant did not know how to file taxes, and did not know how much Money X wife Michelle E. Ogon have coming back to us Yearly, defendant did not no how to use a credit card, or use the Phone, I of to have the Phone number written down on a Piece of Paper, or in to a address book, and dial the number one each time. X wife Michelle E. Ogon change when defendant would like to know about the taxes, and to learn the American way of life, To have a drivers licesne, and bank account, and to learn how to use a credit card. X wife michelle E. Ogon is wicked evil and abuseive untruthful She is dishonesty, She intentionally, and deliberately killed our baby, and take my Son Elijah, and Fled to Florida with her friend when I was at work Feb 3, 2000 upon Fleeing the State of Delaware she Stole my vechile, tax money X and all the money we did have at the time, defendant only want recover what is mine, and to restore my civil liberties to it rightful Place, for I did not abuse my doughter in any way and have no intention of do so. This is pure hatred, bias, Racial Presidice black mail and distortion of the truth, and facts. I. N. S. V. CHADHA, 103 S. Ct. 2764 (1983) . Person threatened with deportation cannot be denied the right to challenge the constitutional validity of the Process which led to his status merely on the basis of speculation over the availability of other forms of relief. The assent of the Executive Branch to a bill which contains a provision contrary to the constitution does not shield it from Judicial review.

(18.) BOYD v. SCOTT, 45 F.3d 876 (5th Cir. 1994). Federal writ of habeas corpus is available to State Prisoner only on ground that he is in custody in violation of Constitution or of laws or treaties of United States.

C The Allen Charge

l. The District Court's Analysis

[8-10] "'To obtain review of a State court judgment under [28 U.S.C.] §2254, a Prisoner must assert a violation of a federal constitutional right.'" [12] "A federal writ of habeas corpus is available to a State Prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." [13] Thus, a federal court reviewing a Petition for a writ habeas corpus must consider whether, under the totality of the circumstance, the errors complained of were so gross or the trial was so fundamentally unfair that the Petitioner's constitutional rights were violated. [14] magistrate Judge's conclusion that the Allen Charge in issue was so Coercive that it rendered Boyd's trial fundamentally unfair. The court held that, as Boyd's right of due Process was violated, he was entitled to habeas corpus relief. Scott appeals, asserting that the Coercive effect, if any, of the Allen charge did rise to the level of a constitutional violation. SCOTT V. university of mississippi, 148 F.3d 493 (5th Cir. 1998) 494. Under the enforcement Power of §5 of the Fourteenth Amendment, Congress has the authority to both remedy and Prevent constitutional violations. U.S.C.A. Const. Amend. 14.

(20.) WRIGHT V. STATE. Del. Super., 405 A.2d 685; 1979.

Vagueness Challenges to Statute which do not involve
First Amendment freedoms must be examined in light
of the facts. U.S.C.A. Const. Amend. 1.
Terms of a Penal Statute Creating a new offense
must be sufficiently explicit to inform those who are
Subject to it what Conduct on their Part will render
them liable to its Penalties, ▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓ and a statute which either forbids or requires
the doing of an act in terms so Vague that men of
Common intelligence must necessarily guess at its
meaning and differ as to its application Violates
the first essential of due Process of law.
U.S.C.A. Const. Amend. 14. First essential of due
Process embodies Principle that Statute must be clear
enough to notify Person of what is lawful so that indivi-
dual will be free to choose between lawful and unlawful
Conduct U.S.C.A. Const. Amend. 14.
DUNCAN V. State of LOUISIANA, 88 S.Ct. 1444 (1968).
The due Process clause of Fourteenth Amendment
Protects right to Compensation for Property taken
by State; rights of speech, Press, and religion Covered
by First Amendment; Fourth Amendment rights to be
free from unreasonable Searches and seizres and
to have excluded from criminal trials any evidence
illegally seized; right guaranteed by Fifth Amend-
ment to be free of Compelled Self-incrimination; and
Sixth Amendment rights to ------ --

CLARK V. BLACKBURN, 619 F.2d 431) 1980.

(21.) Defendant is entitled by the due process clause of the Fourteenth Amendment to trial free from fundamental unfairness including any unfairness which would stem from blatantly incompetent counsel; defendant is also entitled by the right to counsel provision of the sixth Amendment to reasonably effective assistance of Counsel. U.S.C.A. Const. Amends. 6, 14. ESTELLE V. WILLIAMS, 425 U.S. 501, 96 S.Ct. 1691) 1976. defendant did not knowingly and voluntarily waived any of his constitutional rights. See, E.S., Maness v. Meyers, 419 U.S. 449, 466-467, 95 S.Ct. 584, 594-595, 42 L.Ed.2d 574, 587-588 (1975). see also nn. 5, 6, Infra. BURTON V. RENICO, 391 F.3d 764) 2005. admission of false evidence against defendant violate constitutional due process; it must be shown that admitting the evidence violates fundamental fairness, i.e., that it violates those fundamental conceptions of justice which lie at the base of civil and political institutions and which define the community's sense of fair play and decency. U.S.C.A. Const. Amend. 14. indeed, Counsel's incompetence can be so serious that it rises to the level of a constructive denial of counsel which can constitute constitutional error without any showing of Presudice. See Cronic, antes at 659-660; Javor v. united States, 724 F.2d 836, 834 Cc A9 1984) defendant was Presudice by counsel sleeping through the trial.

(22.) Defendant was denied counsel for his defense and witnesses, and the rights to present evidence for his defense, D A N I E L V. THIGPEN, 762 F. Sapp. 1535] 1990. defendant is deprived of due process right to fair trial by failure to observe procedures that adequately protect his right not to be tried or convicted while incompetent to stand trial. U.S.C.A. Const. Amends. 5, 14.

U.S. ConSt. amend. V. The Prohibition of double Jeopardy applies not only to "life or limb," but to Prison sentences and criminal fines as well. See Jeffers V. U.S., 432 137, 155 (1977) (Plurality opinion). The Fourteenth Amendment's Due Process Clause extends Double Jeopardy Clause Protections to State Prosecutions. See Benton V. Md., 395 U.S. 784, 794 (1969), other Guarantees deemed integral to double Jeopardy Protection also apply to the States. See Crist V. Bretz, 437 U.S. 28, 37-38 (1978) (federal rule the Jeopardy attaches when Jury Sworn applies to States because integral part of 5th Amendment); Greene V. Massey, 437 U.S. 19, 24 (1978) (federal rule that retrial barred when conviction reversed due to insufficiency of evidence applies to States because integral Part of 5th Amendment). Protection against double Jeopardy applies to both misdemeanor and Felony charges. See EX Parte Lange, 85 U.S. (18 Wall.) 163, 168-69 (1873) (double Jeopardy Protection applies to every indictment or information charging Party with crime or misdemeanor).

(23.) Motion to dismiss false, and defective double
jeopardy indictment by the State Department of
Justice of the State of Delaware, And grounds of
bias, Prejudice, and Racial Discrimination against
defendant. the State use falsified documents to
violate the Statute of Delaware, and the united States
Constitution. WILLIAMS V. State, Del. Supr., 796 A.2d
1281 (2002) Double jeopardy, as a Constitutional
Principle, Provides the following Protections: (1)
against Successive Prosecutions; (2) against
multiple charges under separate statutes; and
(3) against being charged multiple time under the
Same Statute. U.S.C.A. Const. Art. 8 8. at A-1-T6A96.
Dussler v. Adams U.S. Fla., 489 U.S. 1101, 109 S.Ct.
1211) 1989. defendant counsel failure to object to the
trial Judge Jury instruction, Cause Procedural default
that was Prejudice to his client defense, and violate his
Constitutional rights. The court Proceeded to address
the merits of respondent's ** 1215 Caldwell Claim, conc-
luding that the trial Judge's instructions violated the
Eighth Amendment. 804 F.2d at 1532 -1533.
GRAY V. LYNN, 6 F.3d 265) 1993. (1) Trial Counsel's
failure to object to erroneous Jury instruction fell beneath
objective Standard of reasonable Professional assistance, and
(2) trial Counsel's failure to object to erroneous Jury
instruction resulted in Prejudice to defendant Sufficient
to undermine Confidence in outcome of his trial.

(24) Background: Defendant was convicted by a Jury in the Superior Court, New Castle County of six counts of Rape first degree, and one count of continuous sexual abuse of his own daughter. Defense counsels file the appealed without defendant knowledge are understanding of those proceedings. defendant did not represent himself.

Holdings; The Supreme Court. Steele, C.J., held that:

(1) trial court error in failing to ask Prospective Jurors during voir dire whether they would give more weight to a Police officer's testimony than to testimony from other witnesses was harmless;

(2) defendant was not entitled to a Jury instruction on the lesser included offense of unlawf sexual contact; The Jury instruction was unconstitutional Judicial Misconduct: defendant made no sexual contact to his child.

(3) trial cout error in denying defendant's motion in limine did not prejudice defendant or deny him a fair trial; defendant constitutional rights was violated by the motion in limine that was file by the Public defender David J. J. Facciolo; it was Presudicial to defendant Substantial, and presudice to his defense, defendant did not no when it files, or what was in the motion; defendant was at Howard R. Young correctional Institute, 1301 East 12th Street, Wilmington, DE 19809. behind many Gates, and doors in a 8 by 4, cell without any kind of legal Assistance from defense counsel or any investigations, Single cell with two Person, broken sewage filthy matter all over the ground.

(25.)

(4) the trial court's denial of defendant's motion for a mistrial was not an abuse of discretion; defendant did not file a motion for a mistrial, are at any time ask the court for such motions defendant just dont no when the public defender do those things, are if it was a good, or bad thing. the consequent of counsel actions effected his cliend defense because of his default, and failure to communicate with his client and to advise him of his rights to the honorable court. from August 24, 2004 to november 24, 2005 defendant did not know what defense counsel's was doing. (5) the victim's handwritten statements describing sexual abuse by defendant were admissible as affirmative evidence; the court should not admit handwritten statements as affirmative evidence; because defendant did not see the handwritten statements, dont no where it come from or who write it are have it inspected by a handwritten expert; defendant dont no if the handwriting was by michelle, Alicia, or Fiona Riley, michelle did not know Fiona Riley, because Fiona Riley was only in the state for two month, and Fiona Riley is a Prostitute; Summer of 2004 michelle was not Alicia Miller step mother, because michelle remarried from 2002, Megan Mast was Alicia step mother at the time, Megan brother, and cousin also live at my house, the trial court impermissibly comment on lies and false evidence. (6).

(26) INeffective assistance of Counsel(1) defendant was deprived of his fundamental and constitutional rights to effective assistance of Counsel's to articulate his Client Case to the honorable Court as to the Proper conduct of the Delaware laws, and the united States constitutions, at Pretrial, at trial, at Sentencing, and in the appeal Counsel's file to the honorable Supreme court; (2) There is "a reasonable Probability that, but for Counsel's unProfessional errors, the result of the Proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable Probability is one "sufficient to undermine confidence in the out come." Id. (3) Counsel's has faile to interviewed any of the Witnesses his client request, or Subpoena any of the Witnesses;(4) Counsel's lied to the honorable Court, and falsify document's against his Client to the honorable court; (4) Michelle E. Oson, and Fion a Riley was two of the Worse kind of Prostitute that Committed infidelity against their husband;(5) defense Counsel's, and the state Department of Justice of the State of Delaware Concealment of false evidence, Personal notes, extensive notes from videotaped Statements of anti State Witnesses, and anti so call victim and her brother] and the Videotaped the Police officer made of defendant with out his Knowledge or Consent and turn it over to the State that Prejudicial to defendant rights;

(27) Counsel's denied defendant the full superior
(6) Court discovery including police reports. (7)
defendant was prejudice by counsel's representation, defendant did not sexual abuse Alicia, defendant
dont no what kind of reviewed medical
treatises relating to the late report diagnosis
of sexual abuse, which were used during trial
after consultation with public Defender forensic
specialists Lisa Schwind, J.D., R.N. The treatise
related cross-examination included the State's
medical expert and the alleged so call victim.
(8) Counsel Wanton misconduct, and wanton negligence
against his client, defendant conduct no Plea
negotiations with defense counsel's, did not have
anything to Plea to, no Police report, no warrant's, no
indictment, no kind of statement's, defendant meet
with counsel's a few times before trial with a book
in his hand's, I did not see what he have written
in it; (9) Counsel's failure to conduct any kind of
investigation for his client, are about his client
back ground, character, history, mental or physical,
Education, competence; (10) Counsel's omission, false
representation, falsify forgery, frauds Perjury
against his client; (11) Waiver of rights in respect
to effectiveness of counsel could not be presumed
in absence of proof that Petitioner knew of such
rights. U.S.C.A. Const. Amends: 6, 14.

(28) (12) Counsel faile to Challenge the Violation of his client miranda rights by the Police at his client request, for good Cause Violate his client fifth Amendment right to remain silent; (13) Counsel's representation of his Client is call in to question, these notes counsel keep talking about review in November 2004, is nothing but Perjury against his client; (14) defendant dont no what is in Police reports; (15) defense counsel keep telling defendant that adult and Juvenile give videotaped Statement in Police report and he is going to reviewed its with his client in final case review, the only review take Place is the Secret Videotaped, defendant see at trial; (16) defendant would like to know which witnesses Counsel's investigator's talk to before trial, my witnesses say they was not interviewed or call to Come to trial; (17) defendant did request that Counsel call michelle, and Fiona Riley to the coort atention. defendant would able to get his money back, and the truth would come out. Fiona Riley would not able to Fled the State with defendant money; (18) defendant estrangled witnesses know what Year and time the Children come to this country and who sleep with whos and where the gap periods of alleged abuse which Counsel talk about; (19) defense counsel reckless disregard of the truth conspired with the State and file false Charges against defendant.

(29),(19) Defendant was take from his truck and taken to new castle Police Station without tell him what for, are read him his rights, Strip Search, finger Print, Picture taken, and Put into a Sell for no reasons(20) defendant request Counsel's and have no intention of Speaking to the Police officer's, any words on the Videotaped that the Police made is Presudicial effects, and Compulsory Self-incrimination against defendant will out of fears and misunderstanding, Coercion, involuntary, in violation of the 5th Amend. U.S. Const. and due Process Clause of 14th Amend. defendant was exercising his Constitutional rights to remain Silent, and not to testify to false accusation that I know nothing about. (21) And from Presudicial Publicity, Due Process requires that all Parties to an action, Civil or Criminal, receives a trial by an impartial Jury or tribunal free from outside influences. Extensive news Paper, radio and television coverage of a Criminal trial may deprive the defendant of a fair trial. See Gag order; Trial (Trial by news media). (22) defendant was denied counsel's at the critical Stage of the Proceeding at which accused in entitled to counsel's is one in which a defendant's rights may be lost, defenses waived Privileges Claimed or waived or in which the out Come of the Case is otherwise Substantially affected. Test of "Critical Stage" of Criminal Proceeding as it relates to right to counsel's ----

(30) is whether Proceeding either requires or offers opportunity to take Procedural step which will have Presudicial effects in later Proceedings, or whether events transpire that are likely to Presudice ensuing trial. See also counsel right to; Custodial interrogation. (23) O'NEIL V. STATE, Del. Supr., 691 A.2d 50 (1997). 3. To withhold exculpatory information at earlier stages of Criminal Prosecution equally deprives defendant of opportunity to vindicate Possible deprivation of his Constitutional guarantees. U.S.C.A. Const, Amends. 5. 14; Superior Court Criminal Rule 16. United States v. Davenport, 75 3 F. 2d 1460 (1985) To escape Brady Sanction disclosure of exculpatory evidence must be made at a time when disclosure would be of Value to the accused. defendant Challenging all written and oral Statement that was made in Florida against defendants to be inspected by expert. (24) DEBERRY v. STATE, 457 A. 2d 744 (Del. Supr. 1983) 7. State's duty to Preserve evidence extends not only to Attorney General's office but all investigative agencies, local, county, and State. U.S.C.A. Const. Amend. 14; Del. C. Ann. Const. Art. h § 7. (25) HARRIS V. STATE, Del. Supr., 410 A.2d 500 1979. Standard for legal Competency to Stand trial is whether defendant has Sufficient Present ability to Consult with his lawyer with reasonable degree of rational understanding and whether he has a rational as well factual understanding of Proceedings against him.

(31). (26) Defense Counsel's double cross-his client and violate his fifth Amendment right to remain silent, and in the 8, Part of Counsel affidavit to the Court; that was not a strategic move for counsel to violate defendant constitutional right when defendant choose not to testify, the court or defense counsel cannot force defendant against his will to violate his constitutional rights; (27) Counsel was unwilling, untrustworthy to his client, untruthful that was bias and prejudice to his client defense; (28) CHAPMAN V. STATE of CALIFORNIA, 87 S. Ct. 824 (1967). 1. Whether a conviction in state court should stand when state has failed to accord federal constitutionally guaranteed rights is as much a federal question as what particular federal constitutional provisions themselves mean, what they guarantee, and whether they have been denied.

2. Formulation of authoritative laws rules, and remedies designed to protect people from infractions by the states of federally guaranteed rights cannot be left to the states themselves.

3. Rights of defendants not to be punished for exercising their fifth and fourteenth Amendment right to be silent is a federal right which, in the absence of appropriate congressional action, is the responsibility of Supreme court to protect by fashioning the necessary rule. U.S.C.A. Const. Amends. 5, 14. 6. Comment on failure of defendants to testify was not harmless error, –

(32)(29) Ineffectiveness, and disloqalty of defense Counsel's to his clients defense counsel file direct appeals after convictions, without his client knowledse or understandins of what he was doins, without communication with his client of the issues, srounds, or the kind errors he was brins to the courts

(30) DAViD J.J. Facciolo, from the Public defunder office of the state of Delaware raises eight claims of error; (1) the trial Judse abused his discretion by refusing to allow voir dire on whether individual Prospective Jurors would sive more weisht to a Police officer's testimony than that of other witnesses; (2) the trial Judse erred by refusins to instruct the Jury on the lesser included offense of Unlawful sexual contacts(3) the trial Judse abused his discretion by denyins defense counsel's Proposed conduct of the Jury Instruction which focused on "not surrenderins Your opinion for the Purpose of a verdict;"(4) the trial Judse abused his discretion by denyins counsel's motion in limine in which counsel's sousht to redact a Portion of a Videotaped Police interview with miller where the Police officer made unsupported sussestions that miller may have been unable to recall that he had sexually assaulted Alicia because he was usins marisuana or abusins alcohol;(5) the trial Judse abused his discretion by denyins miller's Motion for a Mistrial when the victim save an unresPonsive ansuer to a Presecutor's question and made reference to an inadmissible

(33)  earlier sexual assault; (6) the trial Judge abused his discretion by admitting Alicia's handwritten statement describing the abuse; (7) the trial Judge abused his discretion by limiting the cross-examination of Alicia when he refused to allow defense counsel to ask Alicia questions about her relationship with miller's girlfriend; and (8) the trial Judge unfairly commented on the evidence in his Jury instruction when he linked the six counts of Rape to specific "allegations" made by Alicia. Because we find that the trial Judge acted within his discretion and that any error she made were harmless beyond a reasonable doubt, we affirm.

(31) the Police officer misconduct was bias Presudice, and offensive to defendant in violation of the fifth Amendment right to remain silent, and Violation of defendant miranda rights, counsel's failure to Challenge the violations or file the suppression motion at his client request, was bias, to his client defense; (32) the Police officer make many Presudicial remarks to, and against defendant about marijuana smoking, alcohol drinking, and Sexual assault in admissible comments to defendant; (33) The Police officer DIANA Smith was smaking bribe to defendant about State Promises, and help defendant did not need any help for he was working three Jobs. The interrogators was overbears with lies and connive,

(34),(34) defendant is certain that Fiona Riley, X wife michelle E. Odon, Alicia Miller, Anthony Miller, Florida Police, Delaware Detective DIANA Smith, on other Police officers, State Attorney, Public defender DAViD J. J. Facciolo, Judge william C. Carpenter Jr. Srand & Petit Jury's, and State Doctor, has violated defendant civil, State, and Federal constitutional rights of the united States constitutions, from first to Fourteenth Amendments 1-14, with lies, false allegations bias Presudice, Pure hatred, Black Mail, Racial industice, Racial Discrimination, thief, from defendant over $40,000 by michelle E. Odon, and Fiona Riley, and used defendant house for Prostitution; (35) misapprehension, by the State Department of Justice, Superior court, and Public defender misappropriate, misbelieve, miscall, mischief, mischievous, misconceive, misconception, miscon- duct, misconstruction, misconstrue, miscount, misdate, Misdirection, misdoubt, miser Y, misfeasance, missiving, misgovern, missuide, misinform, misinter- Pret, misinterPretation, misjudge, mislead, misPlace, misPrint, misPronounce, misquote, misreport, misrep- resent, misrule, misspell, misstate, mistake, mistily, mistime, mistranslate, mistrust, mistrustful, misun- derstand, misuse, misadvised, misapply, (36) (Cite as: Hol A.2d 943) Study of Wilson v. State, 10 Terry 37, 109 A. 2d 381 (Sup. Ct. 1954), that it was required to rule on the admissibility of the oral admission

(35) and written confession to determine if they were given under circumstances which would demonstrate any impropriety on the part of the officers in obtaining such evidence, thus making them inadmissible, and that the record shows it did so. The court was unable, as a matter of law, to find from the evidence that the statement and confession were given because of the use of any improper methods." "The Wilson case has subsequently been interpreted by the Supreme Court and this court to mean that unless the trial judge can conclude, as a matter of law, that the statement was improperly induced, it should admit the statement and allow the jury to pass upon this issue."

(37) In <u>State v. Winseth, Del. Super., 238 A.2d 821 (1967)</u>, then Chancellor, now Justice Duffy, laid down the guidelines for the determination of voluntariness which this court has approved and followed.

"To be voluntary, a statement, written or oral, must have been given without duress or coercion. It must have been given free of any promises or threats by others. A statement which was prompted by mental or physical coercion, or by duress or intimidation, is not voluntary because it was not the product of a free will. Cf. <u>State v. Winseth, Del., 205 A.2d 510, 520 (1964)</u>."

"The question in each case is whether defendant's will was 'overborne' at the time he made the statement. <u>Lynumn v. State of Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963)</u>.

(36) If in fact defendant's will was overborne, or if the * 948 Statement was not the Product of a rational and intelligent free will, it was not voluntarily made because it was coerced. Payne V. Arkansas, 356 U.S. 560, 566, 78 S.Ct. 844, 2 L.Ed.2d 975; 980 (1958). Townsend V. Sain. 372 U.S. 293, 83 S.Ct. 745; 9 L.Ed 2d 770 (1963)." "The Judgment must be based on the 'totality of the circumstances.' Blackburn V. State of Alabama. 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). Factors which bear on these circumstances include the following: defendant's age and mental condition (whether he was 'dull.' for example), whether he was denied a hearing before a magistrate, whether he was advised of his right to remain silent or his right to counsel, whether he was held incommunicado and if so how long, whether ~~he was~~ denied food for long Periods. Whether there were any threats of mob violence, the legality of his arrest, Payne v. State of Arkansas, supra; defendant's educational background and experience, his emotional stability or lack thereof, his record as to former crimes, whether the Police used subterfuge in obtaining the statement, whether the statement was Composed by a Police officer, whether defendant had the aid of counsel or relatives or friends, whether there was prolonged Police questioning of defendant."

(38) In the United States Supreme Court's most recent opinion dealing with inculpatory statements Mr. Justice Stewart, delivering the opinion of the Court, wrote, Inter alia:

(37) But Any criminal trial use against a defendant of his Involuntary Statement is a denial of due Process of law "even though there is ample evidence aside from the confession to support the conviction." (citations omitted) If, therefore, Mincey's Statements to Detective Hust were not "the Product of a rational intellect and a free will," (citations omitted) his conviction cannot Stand. There were not Present in this case some of the gross abuses that had led the Court in other cases to find confessions involuntary, such as beatings. See Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682, or "truth serums." see Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770. But "the blood of the accused is not the only hallmark of an unconstitutional inquisition." Blackburn v. Alabama, 361 U.S., at 206, 80 S.Ct. at 279, Determination of whether a Statement is involuntary "requires more than a mere color-matching of cases." Reck v. Pate, 367 U.S. 433, 442, 81 S.Ct. 1541, 1547, 6 L.Ed. 2d 948. It requires careful evaluation of all the circumstances of the interrogation. Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, at 2416-8, 57 L.Ed. 2d 290 (1978).

(39) [2][3][4][5] Historically, the Delaware cases have included within the guidelines for testing the Voluntariness of a statement given to Police that "it must have been given free of any Promises." Equally as historical has been the failure of our courts to give literal application to that language in the initial determination of voluntariness by the Court on Voir dire.

(38) Promises or inducements are material to the issue of reliability or trustworthiness, and do not make a statement involuntary, unless so extravagant, or so impressionable as to overbear the Person's will and rational thinking processes. Promises of witness immunity, and Promises made as a result of Plea bargaining, are only two examples of essential Prosecutorial tools which, if Proscribed, would open the door to unchecked and uncheckable crime. That is not to say that the court should not consider Promises in its determination of voluntariness. But the attention of the Trial Judge must be focused on a "totality of circumstances" over-view of the behavior of the interrogators and the mental/Physical make-up of the individual being interrogated. This must be done on a case by case basis, to reach an ultimate determination on the Voir dire records, as to whether the behavior of the interrogators was such as to over-bear the will of the interrogated to resist and bring about a statement not "the Product of a rational intellect and a free *949 Will" without regard to the truthfulness or reliability of the statements. _Rogers V. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L. Ed. 2d 760(1961)._ This determination requires Proof of voluntariness by the State by at least a Prefonderance of the evidence. _Leso V. Twomey, 404 U.S. 477, 92 S.Ct. 619, 627, 30 L.Ed2d 618 (1972)._ (40) _Bove V. State, Del. 1926, 3. W.W. Harr. 229, 134 A. 630_). Errors, to justify reversal in criminal Prosecution, must have been Prejudicial to defendant, and have influenced the Jury in reaching their verdic.(False, and Perjury testimony by witnesses, at A 70-87) Plain constitutional errors.

(39),(41) secrest V. State. 679 A.2d 58 (Del. 1996).
It is within a court's discretion to cure a disco-
very violation, if possible, in lieu of excluding the
evidence. Seward V. State, 723 A.2d 365 (Del. 1999).
(42) State v. martel, 177A.2d 236 1962.
that it is duty of court to conduct trial with utmost
impartiality and fairness is elementary and funda-
mental. Const. c. 2, § 28
(43) Hopkins v. State, Del. 893 A.2d 922 (2006)
under the "Plain error" standard of review, the error
complained of must be so clearly prejudicial to
substantial rights as to Jeopardize the fairness
and integrety of the trial Process.
(44) Defendant have no Criminal back ground or have
any intention of commit crime. WRIGHT V. State,
Del. Supr, 405 A.2d 685, 1979. First essential
of due Process embodies Principle that statute must
be clear enough to notify Person of what is lawful
So that individual will be free to choose between
lawful and unlawful conduct. U.S.C. A. Const. Amend. 14.
(55) Armstrong V. Dugger, 833 F.2d 1430 (11th cir. 1987).
Trial counsel was ineffective at sentencing where he
failed to investigate or Present mitigating evidence
due to inexperience and counsel's conduct was not
a tactical or strategic decision.(56) Alicia Miller
is nothing but a Prostitute Just like her mother
Jennifer Morris, michelle E. Ogon, and Fiona Riley,
a liar, and a thieves, my x wife michelle caught Alicia
when she was Ten Years old naked having sex with boys,

(40)(57) defendant caught Jennifer. Alicia mother in bed having sex with my brother, and a next woman husband; (58) defendant caught x wife michelle E. O son in a bar dancing naked for money michelle go both ways she love man and woman; (59) Fiona Riley is a serpent she leave her husband in Jamaica. Two weeks after she come to my house, she was having sex with man left and right, all different hours of the night, and day man was coming to the house, these or statements of facts, and I have witness to back them up; (60) These Prostitute have no credibility they use my daughter to deformation of character; (61) GRAY V. LYNN, 6 F. 3d 265) 1993, "To obtain review of a State court Judgement under [28 U.S.C.] § 2254, a Prisoner must assert a violation of a federal constitutional right". Lowery V. Collins, 988 F. 2d 1364, 1367 (5th Cir. 1993). Miller asserted many other claims including Violation of the right to effective assistance of counsel, contending that he was Prejudiced by trial counsel's failure to object to an erroneous jury instruction. The sixth Amendment, applicable to the States through the due Process clause of the Fourteenth Amendment, guarantees defendant the reasonably effective assistance of counsel's. E. g., Johnson v. Blackburn, 778 F. 2d 1044, 1049 (5th Cir. 1985); Ricalday V. Procunier, 736 F.2d 203, 207 & n.k (5th Cir. 1984). (62) KEYS V. STATE of Delaware, 337 A. 2d 18) 1975. affects traditional rights of Persons interested in litigations statute should be strictly construed. 11 Del.C. § 3509 [11 Del.C. Rev. 1974 § 3507].

INM: Sylvester Miller
SBI# 532861  UNIT E-6
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

United States District
Court for the
District of Delaware
J. Caleb Boggs Building
844 King Street Lock Box 18
Wilmington, De 19801