IN THE UNITED STATES District COURT
FOR THE DISTRICT OF DELAWARE

SYLVESTER MILLER,
     Petitioner.

V.

PERRY PHELPS, Warden,
and ATTORNEY GENERAL
OF THE STATE OF
DELAWARE,
     Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

1: 08-CV-178-GMS



FILED

JUL 1 4 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Motion To Amend; Federal habeas corpus
Petition for relief:

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

SYLVESTER MILLER )
)
)
V. )        Case No. 0408012099
)
)
STATE OF DELAWARE )

---

## MOTION FOR TRANSCRIPTS

---

COMES NOW, Sylvester Miller, the indigend, incarcerated pro se defendant, moves this Honorable Court for an ORDER directing that he receive one (1) photocopy of the previously prepared transcripts's of the following proceedings before the Court, at no cost to him:

(a)  The Trial Transcripts, including Opening and Closing Statement, all sidebar conferences or statements, and the Court charge to the jury.

(b)  The Sentencing Transcripts.

(c)  The Jury Selection and Voir Dire Transcripts.

(d)  The Transcripts of the Recording Video Tape Interrogation.

(e)  The Arrest Warrant of Probable Cause.

In support of the instant Motion, defendant states:

(1)  That he is indigent and cannot afford the cost of either transcription or photocopying. The office of the Pudlic Defender found him to be indigent at the trial level and more recently argues that any

doubt as to his indigency must be made as a matter of record so that determination is reviewable, as such a hearing on the matter is necessary. STACEY V. STATE, Del. Supr.,358 A. 2d 380.

(2)  The transcripts are necessary for defendant to proceed with his appeal remedies that are guaranteed by both the Delaware and United States Constitutions.

(3)  Defendant has asked Public Defender, David Facciolo, by letter on several occasion for copies of the transcripts that the Public Defender's Office has in its possession.  Mr. Facciolo have refused these requests and has denied defendant the tools he needs to pursue his post-conviction remedies.

(4)  Pursuant to Rule 26 ( e and f ) of the Delaware Supreme Court, it is possible for Defendant to obtain one (1) copy, free of charge, for appellate purposes, of the requested transcripts, provided that the Judge of this Court certifies the need for same.

(5)  Defendant argures that he has (a) Constitutional Right(s) to free transcript(s).  He does have a right to gain a meaningful review of all proceedings leading to judgment of conviction, GRIFFIN V. ILLINOIS,351 U.S. 12 (1956).  As well as to " open an inquiry inti the intrinsic fairness " of those proceedings, CARTER V. ILLINOIS, 329 U.S. 173,175 (1946). See also CURRAN V. WOLLEY, Del. Supr.,104 A. 2d 177,179 (1962)(applying CARTER); JONES V. ANDERSON, Del. Supr.,183 A.2d 177,179 (1962)( applying CURRAN ). GRIFFIN rule that " destitute defendant's must be afforded as adequate appellate review as defendant's who have money enough to buy transcripts" Id. 351 u.s. 17, 76 S,CT 591 ).

Moreover, in an " access to the Courts " context, the United States Supreme Court ruled that the " states must expend funds for transcripts " BOUNDS V. SMITH, 430 U.S. 817, 97 S.CT 1497.

Defendant has now established the necessary and importances of the requested record's. <u>DAWSON V. STATE</u>, Del. Supr., 673 A. 2d 1186,1197 (1996).


WHEREFORE, THE DEFENDANT RESPECTFULLY REQUESTS THIS HONORABLE COURT TO GRANT HIS MOTION FOR TRANSCRIPTS.


Respectfully submitted,


DATE: 11/21/ 2007

SYLVESTER MILLER, PRO SE,
SBI # 532861
D.C.C. 1181 PADDOCK RD.
SMYRNA, DE
                    19977

IN THE SUPREME COURT OF THE STATE OF DELAWARE

SYLVESTER MILLER,                          )
      Defendant/Below,                 )
      Appellant,                       )
                                )
        V.                             )               No. 595,2007
                                )           ( Cr. ID No. 0408012099 )
                                )
STATE OF DELAWARE,                         )
      Plaintiff/Below,                 )
      Appellee.                        )

## DESIGNATION OF TRANSCRIPTS

         PLEASE TAKE NOTICE, that Defendant, Sylvester Miller, Pro Se, does hereby requests designation of the Trial Transcripts; Jury Selection and Voir Dire Transcripts; Transcripts of the Recording Video Tape Interrogation; and the Arrest Warrant of Probable Cause, pursuant to Supreme Court Rule 9(e)( iii ).

DATE: 11 / 20 2007

                                          *Sylvester Miller*

                                       SYLVESTER MILLER, PRO SE,
                                       SBI # 532861
                                       D.C.C. 1181 PADDOCK RD.
                                       SMYRNA, DE
                                                    19977

# Certificate of Service

I, SYLVESTER MILLER ,hereby certify that I have served a true

And correct cop(ies) of the attached: DESIGNATION OF TRANSCRIPTS

_____ upon the following

parties/person (s):

TO: COURT REPORTER'S OFFIICE          TO: _____

SUPERIOR COURT                        _____

NEW CASTLE COUNTY COURTHOUSE          _____

500 KING STREET                       _____

WILMINGTON, DE 19801                  _____


TO: CLERK OF THE SUPREME COURT        TO: _____

55 THE GREEN                          _____

P.O. BOX 476                          _____

DOVER, DE 19903                       _____

_____               _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.


On this 20 day of November ,200 7

Sylvester Miller



IN THE SUPREME COURT OF THE STATE OF DELAWARE

SYLVESTER MILLER,                          )
                                           )
    Defendant-Below-                       )
    Appellant,                             )
                                           )
v.                                         )   No. 595, 2007
                                           )
STATE OF DELAWARE,                         )
                                           )
    Plaintiff Below-                       )
    Appellee.                              )

---

ON APPEAL FROM THE DELAWARE SUPERIOR COURT
IN AND FOR NEW CASTLE COUNTY

---

APPELLANT'S SUPPLEMENTAL OPENING BRIEF

Dated: 2/19/08

Sylvester Miller
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

37. AN GRounds of Pure hatred, bias, Presudice, and Racial Discrimination; The trial Judge use false accusation, and opinion admission over defendant truth, facts, and trustworthiness. To violate defendant Constitutional rights, abusive unJustly used of discretion bythe court, criminal negligent and infidelity in denied defendant information and investigation, access to his money, house, Jobs, and effective legal representation in the court. WRIGHT V. STATE, Del. Supr., 405 A. 2d 685, 1979.

1. Vagueness challenges to Statute which do not involve First Amendment freedoms must be examined in light of the facts. U.S.C.A. Const. Amend. l.

2. Terms of a Penal Statute creating a new offense must be Sufficiently explicit to inform those who are Subject to it what Conduct on their Part will render them liable to its Penalties, and a Statute which either forbids or requires the doing of an act in terms So Vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due Process of law. U.S.C.A. Const. Amend. 14.

3. First essential of due Process embodies Principle that Statute must be clear enough to notify Person of what is lawful So that individual will be free to choose between lawful and unlawful conduct. U.S.C.A. Const. Amend. 14.
The trial court use d baseless, incompetent, concupiscence, to commit genocide against defendant.

38. Defendant has written and articulated the facts to the Court in good faith, and establish the truth, and genuineness in-the-case-in-chief about my life of living, work, character, credibility, moral, spiritual background well validated authentication the truth nothing but the truth so help me God. Too Lou & the Court and the State Department of Justice trap defendant and his race with the noose of the law because we don't have the knowledge of the law even when we are innocent with Racial injustice. William V. STATE, Del, Supr., 796A. 2d 1281 (2002)

2. Issues that are not fairly raised to the trial court are reviewed for Plain error. Sup. Ct. Rules, Rule 8.

3. Double Jeopardy as a constitutional Principle, Provides the following Protections: (1) against Successive Prosecutions; (2) against multiple charges under separate Statutes; and (3) against being charged multiple times under the same Statute. U.S.C.A. Const. Amend. 5 Del. C. Ann. Const. Art. b § 8.

9. Character evidence is not admissible to show that a witness acted in conformity therewith; this is because there is a possibility that the Jury may use the impermissible inference rather than the permissible evidence to convict the defendant. Rules of Evid., Rule 609(a)(2). INDICTMENT At A-5-A-10-A-11-A-11.

13. Prosecutor should avoid using the term "I" during Closing argument, because it serves to emphasize for the Jury that the prosecutor personally believes the point that is being submitted to the Jury. at A-96-and A-106.

39. DETECTIVE DIANA SMITH, AT-A- 8 7-11-12; A 90-13-14-15-16; A 91-17-18-19-20; STATE v. REYES, Del. Super., 7h0 A. 2d 7 (1999). Where Police officers who took defendant Jamaican national's Custodial Statement failed to inform defendant of his miranda, Fifth Amendment, and effectively inform defendant of his Constitutional to remain Silent and to inform defendant of his right under Vienna Convention on Consular Rights to Contact Jamaican Consulate, Suppression of his Statement was required, Because the officer misconduct violate defendant constitutional rights, the video tape was made without defendant knowledge, or consent, with lies, bias, Presudice, abusive discrimination a gainst defendants Racial injustice based on Presudicial errors by the Police officers, State Delantment and the trial Count with miscarria ge ob justice a gainst defendant.

40. DEBERRY V. STATE, #57 A.2d 744 (Del. Super. 1983) State's duty to disclose evidence includes duty to Preserve it as well rooted in due Process Provisions of Federal and State constitutions. U.S.C.A. Const. Amend. 14; Del.C.Ann. Const. Art. 1, § 7. A-24-25. A-35.
State's duty to Preserve evidence extends not only to Attorney General's office but all investigative agencies, local Countys and State. U.S.C.A. Const. Amend. 14; Del. C. Ann. Const. Art. 1, § 7.
FINK V. State, 817 A.2d 781 (2003) constitutional Prohibitions against double jeoPardy Prohibit the State from charging the same offense rePetitively in Several Counts. U.S.C.A. Const. Amend. 5. A-10-A-11.

#41. DEFENDANT REACH AND UNDERSTANDING That the GRAND JURY. and the State Department of Justice, The trial courts, the Police officers, Public defender DAVID J.J. Faeciolo, Petit Jury. of the State of Delaware violated defendant moral, Spiritual God, civil liberty, and freedom and violated defendant civil, State, and Federal Protected constitutional rights of the united state's constitution. with lies, and false allegation of corrupt evil, and wicked charges by x wife michelle E. Ogan, and her mother martha Romasco, by the way of Racial Discrimination, hate Crime against defendant at her house in Florida, michelle call the Police, and use defendant daughter to make false allegation against her father that cannot be proven by facts in any year, month, week, day, or date, time, place, or age, defendant did not commit any element of Crime against Alicia miller, FRANKS V. DELAWARE, 438 U.S. 154) 57 L Ed 2d 667, 98 S. Ct, 2674. ( 1. 2. 3. 4. 5. 6-7-8-9-10-11-12.

#42. defendant x wife michelle E.Ogan, and her mother mix German and Jews, michelle said her grand mother own Slave an the carribean Dland of Jamaica- The trial Count abuse its discretion in admitting deceit, bias, incompetent, inaccuracy, inadmissible evidence, defendant was abuse by State Prison Staff for Eight month and turn into a Zombie before trial. The Judge was disrespectful, disrupt, disregard, disreputable, d13 grace ful, against defendant. The unjustify Judge omission genocidal noose that the State use against African American.

43. Defendant is suffering from constitutional violation, and human rights abuses by the State Department of Justice, grand Jury, trial court, and Prison Staff of the State of Delaware without any Just cause, with many false and illegal double Jeopardy charges that never happen, by false information, without proper investigation. United States, V. Leon, 104 S. Ct. 3405 (1984) AtA-11.

44. The court denied defendant his rights to his eye witnesses who lived and sleep with Alicia miller day and night, and denied his rights to present evidence in favor of his defense by the Public defender, and the State Prosecutor that made up the false allegation against defendant without Just cause. VASQUEZ V. HILLERY, 106 S.Ct. 617 (1986), Intentional discrimination in selection of grand Jurors is a grave constitutional trespass, possible only under color of State authority, and wholly within power of State to prevent. Even if a grand Jury's determination of probable cause is confirmed in hindsight by a conviction on indicted offense, that confirmation in no way suggests that discrimination did not impermissibly infect framing of indictment and, consequently, nature or very existence of proceedings to come. DAvis v united States, 93 S. Ct. 1577 (1973) 93 S. Ct. 1590 (1973) 93 S.Ct. 1652 (1973). For the court and the State to put

45. defendant name on the sex offender list. It is a violation of defendant civil rights, defendant did not commit Incest with daughter or any unlawful sexual abuse. counsel was bias for his omission to his client.

46. On August 24, 2004 defendant got a letter from LAWRENCE M. SULLIVAN Public DEFENDER office, DAVID J. J. FACCIOLO ASSistant Public Defender. Said Please be advised that I have been assigned to represent You in the superior court on the charges of Rape I (three counts), continuous Sexual Abuse, unlawful sexual contact II, Terroristic Threatening and Incest. miscarraige of Justice. defendant did not Rape, threaten or commit unlawful Sexual contact or incest with his daughter Alicia miller. defendant was denied counsels, and legal ASSistance for his defense. Feustener V. State, Del. super., 509 A.2d 1106 (1986) Defendant was denied his constitutional rights to cross-examine michelle E. Ogson, martha Romascos and Jiona Riley, and Florida Police officers that made false allegation to Delaware Police against Plaintiff. Fruit of Poinous tree doctrine. U.S. V. WHITLEY, 249 F. 3d 614 (7th Cir. 2001) Fourth Amendment requires the trial court to conduct an evidentiary FRANKS hearing upon a defendants Preliminary Showing that: (1) the warrant affidavit Contained false information; (2) the false information was included in the affidavit intentionally or with reckless disregard for the truth; and (3) that the misrepresentations were necessary to the determination of Probable cause to issue the warrant. Racial inJustices. U.S.C.A. Const. Amend. 6. "compel" as used in constitutional right to be free from being compelled in a criminal case to be a witness against one's self means to be subjected to Some coercion, flar, terror, inducement, trickery, or threat either physically or psychologically, blatantly or subtly.

47. The hallmark of compulsion is the presence of some operative force producing an involuntary response. defendant was denied the freedom of information acts in violation the first Amendment right.

48. <u>U.S. V. HAMMOND. 351 F.3d 765 (6th cir. 2003)</u>

The good-faith exception to the exclusionary ruled does not apply when (1) affidavit supporting search warrant contains knowing or reckless falsity, (2) the issuing magistrate fails to act in a neutral and detached fashion and serves merely as a rubber stamp for the police (3) affidvit does not provide the magistrate with a substantial basis for determining the existence of probable cause, or (4) the executing officer's reliance on the warrant was neither in good faith nor objectively reasonable. <u>U.S.C.A. Const. Amend. 4. Denial of Rule 16 Discovery.</u>

49. defendant Requesting all Grand Jury transcript and all defense counsel's file, and state attorney file for defendant defense in this case in chief.

50. <u>O'NEIL V. STATE, Del. Supr., 691 A.2d 50 (1997)</u>

To withhold exculpatory information at earlier stages of criminal prosecution equally deprives defendant of opportunity to vindicate possible deprivation of his constitutional guarantees. <u>U.S.C.A. Const. Amends. 5. 14; Superior Court Criminal Rule 16.</u>

51. The honorable court have no in authoritative Juris-diction over defendant innocence, defendant commit no crime against any American, or Jamaican or any one else in the world at large. illegal detention.

52. (Coercion when jury returned verdict 15 minutes after receiving Allen charge); _Weaver v. Thompson, 197 F. 3d 359, 366 (9th cir. 1999)_ (Coercion when jury returned verdict 5 minutes after receiving Allen charge from bailiff). The Eighth and Ninth circuits have adopted a four-part test for determining the coerciveness of an Allen charge. The court must evaluate: (1) the form of the instruction; (2) the length of deliberation following the Allen charge; (3) total time of jury deliberations; and (4) indicia of pressure on the jury. See _U.S. V. Walrath, 324 F. 3d 966, 970 (8th cir. 2003)_; _U.S. V. Daas, 198 F. 3d 1167, 1180 (9th cir. 1999)_. The Tenth circuit has stated that relevant factors to consider in evaluating an Allen charge include: (1) The language of the instruction; (2) whether it was presented with other instructions; (3) the timing of the instruction; and (4) the length of the jury's subsequent deliberations. See _U.S. V. Arney, 248 F. 3d 984, 988 (10th cir. 2001)_. But see, e.g., _U.S. V. Manning, 79 F. 3d 212, 222, 23 (1st cir. 1996)_ (Coercion when judge responded to jury's indication of deadlock by asking if rereading testimony would help resolve deadlock because instruction coerced juror's into thinking they must deliberate until unanimous verdict reached); _U.S. V. Burgos, 55 F. 3d 933, 938 (4th cir. 1995)_ (modified Allen charge given to deadlocked jury coercive because it stated that judge was not asking jurors to give up firmly held beliefs but asked jurors to think about it" because such remarks may more strongly influence

53.    Jurors holding minority view); U.S. V. Robinson, 953 F.
2d 433, 436-38 (8th cir. 1992) (modified Allen charge
coercive because judge twice admonished jury minority
to yield to majority but never admonished majority
to consider yielding to minority and judge gave impr-
ession hung jury unPatriotic); U.S. V. McElhiney, 275
F.3d 928, 948 (10th cir. 2001) (Supplemental Allen charge
coercive because court did not admonish jury regarding
conscientiously held convictions and court emphasized its
desire to have verdict reached because of the expense
of trial and danger involved in trying case); U.S. V.
Strothers, 77 F.3d 1389, 1391 (D.C. cir. 1996) (Allen
charge coercive because court issued antideadlock
charge that omitted required admonition against any
juror surrendering his or her honest beliefs still
thought to be correct). For a habeas corpus petition
challenging the Allen charge, the coercion must rise to
the level of a constitutional violation rather than merely
to the plain error standard used on direct review. See
e.g., Boyd V. Scott, 45 F.3d 876, 883-84 (5th cir. 1994)
See Chandler V. Fla., 449 U.S. 560, 574 (1981) (any highly
Publicized criminal trial Presents risk of compromising
defendant's right to fair trial); Sheppard V. Maxwell, 384
U.S. 333, 351 (1966) (jury's deliberations should be based
on evidence in open court, not on external publicity).
A risk of adverse effect is not sufficient to establish
a constitutional violation. See Neb. Press, A instruction
advising jurors to have deference for each other's
views,

54. that they should listen, with a disposition to be convinced, to each other's arguments; deriving its name from the case of _Allen v. united States, 164 U.S. 492 17 S. Ct.154, 41 L. Ed. 528,_ wherein the instruction was approved. Variously called dynamite char ge, shatgun instruction, third degree instruction. The allen char ge is Prohibited in certain States; e.g. California. _A-94- A-106, A112._

56. _Ass'n v. Stuart, 427 U.S. 539, 554-55 (1976)_ Cleven pervasive adverse Publicity does not inevitably lead to unfair trial; tone and extent of Publicity also influence Jur y's capacity for fair decision making and can be Shaped by Judge; attorneys, Police or officials). _See, e.g., U.S. V. Gray, 788 F.2d 1031, 1033 (11th cir. 1986)_ Creversible error because Court failed to inquire whether Jurors were actually exposed to newspaper articles highly Prejudicial to defendant); _u.S. V. Beckner, 69 F.3d 1290, 1293 (5th cir. 1995)_ Creversible error when Court failed to conduct adequate voir dire regarding Jurors' inquiry insufficient to discover Potential Juror bias); _U.S. V. Thompson, 908 F.2d 648, 649-50 (10th Cir.1990)_

57. _United States v. Davenport, 753 F.2d 1460 (1985)_ To escape Brady Sanction, disclosure of exculpatory evidence must be made at a time when disclosure would be of value to the accused. _A-113. A-112._

58. The trial Judge Abuse his discretion for not granting a mistrial when the Prosecutor Present false, and double jeopardy charges about sexual oral, anal, and vagina sex with defendant daughter Alicia miller, was complete false bias Presudicial Racial Discrimination and injustices.

59. defendant commit no crime against society, or anyone in it, The State made a grave, and dangerous mistake in such gross miscarriage of Justice, in violation of defendant Constitutional, this is Just to prove to the Court that bias, Presudice, hatred, and Racial Discrimination against defendant, and his race, and color of People Just a live as three hundred years ago, over my own Strength, my own flesh and blood, without Just cause. Eighth Amendment violation. Handy v. State, 930 A.2d 1111 2007.

60. Secret "grand jury" session, accuracy of which could not be tested by cross-examination; see, e.g., In re Boston's Children First, 244 F.3d 164, 171 (1st cir. 2001) (due Process violated because Judge discussed ruling with Press such that impartiality could reasonably be questioned); U.S. v. Edwardo-Franco, 885 F.2d 1002, 1005-07 (2d cir. 1989) (due Process violated because Judge made Presudicial remarks about defendant nationality during sentencing); U.S. v. Whitman, 209 F.3d 619, 625 (6th Cir. 2000). ARIZONA v. WASHINGTon, 98 S.Ct. 824 (1978) U.S.C.A. Const. Amend. 5. 1739. See In re Murchison, 349 U.S. 133, 136-39 (1955) (due Process violated because Judge could not free himself from influence of Personal Knowledge of what occurred in-Secret "Grand Jury" session,

61. Sheppard v. MAXWELL, 86 S.Ct. 1507 (1966) Courts must take steps by rules and regulations that will Protect their Processes from Presudicial outside interferences, and neither Prosecutors, defense counsel, accused, witnesses, court Staff nor enforcement officers coming under Jurisdiction of court should be ...

62. Defendant State the facts, The Grand Jury violate defendant constitutional rights with false accusation. and the court made constitutional error by the false, and misleding evidence that it use against defendant without probable or just cause. <u>SCHLUP v. DELO, 513 U.S. 298, 115 S.Ct. 851) 1995.</u>

□ For a claim of actual innocence to be credible, Claim requires habeas petitioner asserting actual innocence in successive or abusive Petition to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. Of greater importance, the individual interest in avoiding injustice is most compelling in the context of actual innocence. The quintessential miscarriage of justice is the execution * 325 of a person who is entirely innocent. <u>FN4</u> Indeed, concern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system. That concern is reflected, for example, in the "fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free." <u>In re Winship, 397 U.S. 358, 372, 90 S.Ct. 1068, 1077, 25 L.Ed.2d 368 (1970)</u> (Harlan, J., concurring). See also T. Starkie, Evidence 756 (1824) ("The maxim of the law is... that it is better that ninety-nine... offenders should escape, than that one innocent man should be condemned"). See generally Newman, Beyond "Reasonable Doubt," <u>68 N.Y.U.L. Rev. 979, 980-981 (1993).</u>

63. Defendant request that the honorable supreme court respectfully compel, and command Mr DAVID J. J. FACCIOLO from the Public deffender office of the state of Delaware and the Attorney of the state Department of Justice, and the superior court Judge the honorable william C. Carpenter Jr. the original Police report affidavit, warrant. Rule 16 discovery, all grand Jury transcript, Pretrial, and trial, Sentencing transcript, all false evidence that the State use against defendant and counsel file. To defendant, that the defense counsel's, and the State Department of Justice, failure to give to defendant before trial for his defense, In violation the due process Clause of the fifth, and Fourteenth Amendments rights of the united States Constitutions. LANE V. BROWN, 372 U.S. 477,83 S.Ct. 768) 1963. Equal Protection of the law requires that a State with an appellate system which makes available trial transcripts to those who can afford them must provide as adequate appellate review to indigent defendants. U.S.C.A. Const. Amend. 14.  AKE V. OKLAHOMA, 470 U.S. 68, 105 S.Ct. 1087) 1985. Elementary Principle that When a State brings its Judicial Power to bear on an indigent defendant, it must take steps to assure that defendant has a fair opportunity to present defense, grounded in significant Part on the Fourteenth Amendment's due Process guarantee of fundamental fairness, derives from belief that Justice Cannot be equal where, simply as result of his Poverty,

a defendant is denied opportunity to participate meaningfully in judicial proceeding in which his liberty is at stake. U.S.C.A. Const. Amend. 14.

64. EVITTS V. LUCEY, 469 U.S. 387, 105 S. Ct. 830) 1985. Page 14. Even the Plurality in Griffin v. Illinois, 351 U.S. 12, 18-19, 76 S. Ct. 585, 590-91, 100 L. Ed. 891 (1956), Simply held that the Due Process and Equal Protection Clauses protect indigents from "invidious discrimination" on appeal and that such persons "must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." moreover, Justice Frankfurter, whose concurrence was necessary to the decision, viewed the decision as a matter of equal Protection. Id., at 21-22, 76 S. Ct., at 591-92; Denial of transcript.

65. Ineffective assistance of counsel's failure to investigate the strategic facts of defendant case rise to the level of constitutional errors. 1998 Alicia Miller, and Anthony Miller was sleeping in the same room on the same bed, and Elisah Miller sleeping in the same room on a small bed, defendant was not sleeping in a different room from wife Michelle, or Ann morie, or any other girlfriends, false and defective indictment by the State, and the grand Jury. United States V. CRONIC, 466 U.S. 648, 104 S. Ct. 2039) 1984. If no actual assistance for the accused's defense is provided, the constitutional guarantee has been violated. U.S.C.A. Const. Amend. 6. PRIEST V. STATE of Delaware. 227 A. 2d 576) 1967. Page 5. [5][6][7].

66. POWELL V. STATE of Delaware, 527 A.2d 276) 1987.
Trial court should give proper limiting instructions
when admiting expert testimony as to traits of child
sex abuse victims. The State exhibit 1, 2, and 3, or
false an tainted misleading evidence to the Jury.
August 2004 Alicia miller, and Anthony miller was use
to black mail, and tells evil wicked lies an their father
by X wife michelle E. O'son, and her mother Martha
Romasco, and fiona Riley that was only in the State
for Two mouth. michelle defendant X wife is a crack
head, and a Prostitute, defendant caught her in a
club dancing naked for money, and she was selling
drugs, defendant speak to her about it. she killed
defendant baby, steal my van, and tax money and
fled to Florida Feb 3, 2000. appointed counsel's failure
to investigate this case-in-chief. United States v. GRAY, 878
F.2d 702) 1989. Failure to conduct any Pretrial investi-
gation generally constitutes clear instance of ineffectiveness.
U.S.C.A. Const. Amend. 6. ESTELLE V. Williams, 425 U.S.
501, 96 S.Ct. 1691) 1976. Right to fair trial is fundamental
liberty as secured by Fourteenth Amendment. U.S.C.A.
Const. Amend. 14. STATE'S CLOSING Re. MARKS at A-96.
False, and misleading to the honorable court. MILLS V. SCULLY, 653
Escape. Focus, in case in which defendant claimed that he had been
deprived of fair trial by failure of either Prosecutor or
defense counsel to correct witness' false and misleading
testimony, was not upon such failure, but upon effect of that
failure upon trial. U.S.C.A. Const. Amend. 6.

6 7.   Effect of failure to comply with transcript requirements.
Without a transcript of the Pretrial hearing or trial,
transcript causes defendant to not have a meaningful
opportunity to present a complete defense.
Purpose of paragraph (e) Paragraph (e) of this
rule is addressed to the Problem of delays in the
Prosecution of appeals caused by delay in the
Preparation of transcripts. Bee be 1 to sp v.
wilson 351 A.2d 861 Del (1976)

Effect of failure to comply with transcript
requirements. without a transcript of the Pretrial
and trial transcript deprived defendant of adequate
basis for evaluating the merits of claim conseq-
uently failure to comply with the rules Precluded
appellate review Slater v. State 606 A.2d 1334
Del (1992). From A-1-To A-135.

68.   False indictment bias and Prejudicial errors, human
rights abuses, Purposeful Racial discrimination by the
State department of Justice. defendant constitutional rights
to speedy trial was violated. SCOTT V. STATE of Delaware
521 A.2d 235) 1987. In determining whether defendant's
constitutional right to speedy trial has been violated court
examines length of delay, reason for delay, defendant's asser-
tion of his right, and Prejudice to defendant. U.S.C.A.
Const. Amend. 6; Del. C. Ann. Const. Art. 1, § 7.
In Kimmelman v. Morrison. 477 U.S 365, 387, 106 S. Ct. 2574,
2588, 91 L. Ed. 2d 305 (1986), the supreme court held that the
total failure on the Part of defense counsel to conduct ———

## Certificate of Service

I, *Sylvester Miller*, hereby certify that I have served a true

And correct cop(ies) of the attached: *APPELLANT'S SUPPLEMENTAL*

*OPENING BRIEF* upon the following

parties/person (s):

TO: *CATHY L. HowARD, CLERK*
*SUPREME COURT, DE 19901*
*P.O. Box 476*
*DOVER, DE 19903*

_____

TO: *KEVIN M. CARROll*
*DEPARTMENT OF JUSTICE*
*820 N. FRENch St.*
*Wilmington, DE 19801*

_____

TO: *NEW CASTlE County*
*Counsel oF RECoRd*
*C/o PROthonotARY*
*SuPERIOR COURT*
*Carvel State Building*
*820 N. FRench St.*
*Wilmington, DE 19801*
TO: _____

_____

_____

_____

_____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this *19* day of *FEbRUARY*, 200*8*

*Sylvester Miller*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

SYLVESTER MILLER,

Defendant / Below,
Appellant,

V.

STATE OF DELAWARE,
Plaintiff / Below,
Appellee.

NO. 595, 2007

(Cr. I D NO. 0408012099

Motion FOR COUNSELS; Motion FOR extention of time.
Motion FOR Dismissed of false and defective
Indictment. OR Motion FOR New trial. In the
interests of Justice. FOR the following:
Violation of defendant civil, State, and Federal
Constitutional rights, of the State of Delaware, and the
United States constitutions.
(1) denial of Counsels at Police Station house both
American and Jamaican. (2) Violation of miranda rights.
(3) denial of Police report. (4) denial of Rule 16 discovery,
before trial. (5) denial of investigation. (6) denial of
important information before trial when it was most
needed. (7) denial of witnesses that defendant request.
(8) denial of Pretrial discovery, and knowledge of court
Proceedings. (9) denial of Phone Call by the Police Station
and the Prison Staff. (10) defendant was denied DNA
Scientific Testing.

(11) <u>This Motion is to All the Judges in the SUPREME COURT</u>
<u>to take special notice in the interests of Justice,</u>
I am Requesting the Removal of Judge William C.
CaRPenter Jr. and David J. J. FACCIOLO From my case.
FOR misconduct, and Abuse of discretion. I do not Want
any thing from the State for Free. MY boss will Pay
For my transcript. mr. Donald Shinn, 207
Mc Danield AVENUE. Wilmington. DE 19803.
Phone 302-478-3133. defendant Motion the (12)
COURT FOR a ten years investigation into defendant
life of living in the State of Delaware working and
medical history. (13) defendant take know Part in the
appeal that the defense counsels file, have know knowledge
of its Proceedings. (14) defendant Play know roll in the
trial that take Place in march of 2005. in a constitut-
ional sense. (15) have know knowledge of the secret
Proceedings that Conducted by counsel's and the court, or
coPys. (16) Defendant was denied his constitutional Rights
of due Process of law. (17) denied food to eat and basic
Commodity. (18) denied access to my own money. (19)
denied Phone call to my mother, x wife, and my family SBI
Number could not work in the Computer, hand cuff and
Chain uP hands waist, and feet like a criminal or like
some kind wild animal (20) Cruel and unusual Punish-
ment with out any Just cause. (21) bias Prejudice, and
Racial hatred by strange People who know nothing about
defendant. (22) from the day of August 11, 2004, I am
Suffering from Police brutality, human rights abuses, and
illegal detention, violation of defendant constitutional rights.

(23) The GRAND JURY, AND the trial court was bias and Presudice against defendant in favor of lies, and false information from two white woman in Florida that used and abuse Alicia miller to help tells lies an her father.

(24) Counsel's unProfessional error at trial, faile to comply with defendant request for obsectionto written letter, and timely objection to the State false witnesses. Conflict interest by defense counsel's violated defendant Sixth Amendment rights. (25) The trial Judge abuse is discretion and the fruits-of-the-Poisonous-tree concepts in admitting the false evidence from Florida EVITTS V. LUCEY, 469 U.S. 387, 105 S.Ct. 830)

Constitutional guarantee of effective assistance of counsel at trial applies to every criminal Prosecution without regard to whether counsel is retained or appointed. U.S.C.A. Const. Amends. 6,

## B

Gideon v. Wainwright, supra, held that the Sixth Amendment right to counsel was " 'so fundamental and essential to a fair trial, and so, to due Process of law, that it is made obligatory upon the States by the Fourteenth Amendment.' "Id., 372 U.S., at 340, 83 S.Ct. at 794, quoting BETTS V. Brady, 316 U.S. 455, 62 S.Ct. 1252, 1257, 86 L.Ed. 1595 (1942); See also Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Gideon rested on the "obvious truth" that lawyers are "necessities, not luxuries" in

(25) our adversarial system of criminal justice. 372 U.S. at 344, 83 S. Ct. at 796. "The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free." Herring v. New York, 422 U.S. 853, 862, 95 S. Ct. 2550, 2555, 45 L. Ed. 2d 593 (1975). The defendant's liberty depends on his ability to present his case in the face of "the intricacies of the law and the advocacy of the public prosecutor." United States v. Ash, 413 U.S. 300, 309, 93 S. Ct. 2568, 2573, 37 L. Ed. 2d 619 (1973); a criminal trial is thus not conducted in accord with due process of law unless the defendant has counsel to represent him. [FN6]  (26) DEFENDANT was denied his transcript, and legal assistance to effectively proceed with his appeal, and postconviction relief. JACKSON v. State of Del. Supr, 654 A. 2d 829 (1995) 1, 2, 3, 4, 5, 6, 7, 8, 9. Superior Court Criminal Rule 61(1)(i). (27) N.J. Super. L. 1994, Religious organizations have an interest in autonomy over their internal affairs, including freedom to run their own institutions. Sabatino v. Saint Aloysius Parish, 654 A. 2d 1033, 280 N.J. Super. 185.  Daley v. Fayette County Housing Authority, 654 A. 2d 21. (28) Pa. 1995 Reasonable man must exercise care in proportion to danger involved in his act; thus, when reasonable man is presented instrumentalities, he must necessarily exercise higher degree of care proportionate to danger. Stewart v. Watts, 654 A. 2d 535.

"Highest degree of care Practicable" is simply another way of Phrasing Standard of reasonable or ordinary care under circumstances.— Id. Tippins v. WALKER, 77 F.3d 682 (2nd Cir. 1996)

3. Criminal Law ∞ 641.13 (2.1) [3] Del. Supr. 1995. Unless expressly and clearly indicated in contractual language, indemnitee cannot indemnify itself for its own negligence.— Precision Air, Inc. v. Standard chlorine of Delaware, Inc, 654 A.2d 403.

(29) Pa. super. 1995. Where ambiguity exists in restrictive covenants, court may consider extrinsic evidence of parties' intent.— Perrige v. Horning, 654 A.2d 1183.

(30) Conn. App. 1995. Expert opinion cannot rest on surmise or conjecture because trier of fact must determine Probable cause, not possible cause; in other words, expert opinion must be based on reasonable probabilities.— Shegog v. Zabrecky, 654 A.2d 776, 36 Conn. App. 737.

(31) Pa. super. 1994. To raise double jeopardy implications, Prosecutorial misconduct must be deliberate, undertaken in bad faith and with specific intent to deny defendant a fair trial. U.S.C.A. Const. Amend. 5   Com. v. Santiago, 654 A.2d 1062.

(32) _FRANKS V. DELAWARE, 438 U S 154, 57 L Ed 2d 667, 98 S ct 2674_

1. 2. 3. 4. 5. 6. 7. 8. 9. 10. 11. 12.

(33) _FiNK v. State, 817 A. 2d 781 (2003)_

Constitutional Prohibitions Against double jeopardy Prohibit the state from charging the same offense repetitively in several counts. _U. S. C, A. Const. Amend. 5._

(34) _U. S. V. JARViS, 7 F. 3d 404 (4th cir 1993)_

Defense and objections such as former jeopardy, former acquittal, former conviction, limitations Period, and immunity must be raised at some time in Proceedings before district court, or issues will be forfeited _Fed. Rules cr. Proc. Rule 12 (b), (b) b 2), 12 note, 18 U. S. C. A._

(35) _MAPP V. OHIO, 367 U.S 643, 6 L ed 2d 1081, S Ct 1684._   6. The rule which excludes unconstitutional evidence from being admitted in a state criminal trial is an essential Part of both the fourth and Fourteenth Amendments. [ See annotation P. 1544, infra ]

_ALLEN V. STATE, Del, Supr., 644 A. 2d 982 (1994)_

Generally, trial Judge's decision to admit evidence of Prior bad acts is reviewed under abuse of discretion standard. _Rules of Evid., Rule 404 (b), Del. C. Ann._

(36) DEFENDANT Motion The honorable SUPREME COURT FOR A criminal defense Attorney to defend his rights against false and illegal charges by the State Department of Justice. AND civil counsels to defend and Protect his civil rights that violated by X wife michelle E.Ogon. and her mother martha Romasco that lived in Florida. And against Florida Police, Delaware Police that violated defendant civil liberties. The Police officer DIANA Smith violated defendant miranda rights, When defendant request counsel's and did not whish to Speak to her. They remove my first attorney With out my Knowledge, I dant know for What reason.

(37) now I am Requesting a court appointed attorney. defendant was denied due Process of law in the State court of his Fourth and Fourteenth Amendment rights. defendant constitutional rights was violated at the time of arraignment. _Feustere v. State, Del. 509 A.2d 1106 (1986); VanArsdall V. State, Del. SuPr.; 524 A.2d 3, 11 (1987)._

(38) Defendant challenging the warrant and indictment on Grounds of hate crime, bias Presudiced and Racial discrimination, and misstatement of false allegations to the grand Jury Without any foundation in violation's of defendant _4th, 5th, 6th, 8th, 13th, and 14th Amendment's. rights_ of the United States constitution. _WainWright V. State, Del. SuPr., 504 A.2d 1096, 1100 (1986)._

(39) Defendant committed no crime in the State of Delaware, new castle county to be punish for, This is Gross cruel and unusual Punishment in violation of defendant Eight Amendment, and due Process clause of the Fourteenth Amendment of the united States Constitution. The charges. the sentencing. the Punishment. the deprived of his rights, medical care, dental Care, deprive food, deprive of freedom Without Just cause. U.S. V. BAKER, 197 F.3d 211 (6th cir 1999)

(40) U.S. V. PATTERSON, 258 F.3d 788 (8th cir. 2001) When defendant claims that he was selectively Prosecuted because of his race, in violation of Equal Protection clause, it must Show the law was not enforced When Similarly Situated individuals of a different race violated the law, defendant must also demonstrate that the government's decision to enforce the law was at least Partially based race. U.S.C.A. Const Amend. 14; (6. Jury = 33(5.15) Government is Prohibited from exercising a Peremptory Strike to remove a Juror based on his or her race.

(41) Ineffective assistance of counsels, (1) abuse of discretion, (2) default, failure to fulfill an obligation to his client, (3) failure to object to Prosecutor comments on defendant body language in violation of defendant Fifth Amendment rights, (4) counsel fail to give defendant any advice in the law, or call defendant witnesses, bias and Presudiced to defendant Substantial rights.

(42) U.S. V. LORE, 430 F.3d 190 (3rd Cir. 2005)
Crawford V. Washington, 541 U.S. 36, 124 S.Ct. 1354,
158 L. Ed. 2d 177 (2004). we exercise Plenary
review over Confrontation Clause Challenges.
United States V. Trala, 386 F.3d 536, 543 [3d Cir. 2004)
(internal citation omitted). if evidence was
admitted in contravention of Lore's Confrontation
rights we must Consider whether the error was
harmless beyond a reasonable doubt. see Lilly V.
Virginia, 527 U.S. 116, 140, 119 S.Ct. 1887, 1901, 144 L.
Ed. 2d 117 (1999); United States V. Hinton, 423 F.3d
355, 362 (3d Cir. 2005. U.S. V. ORENUGA, 430 F.
3d 1158 (D.C. Cir. 2005) the Supreme court
long has recognized that the Confrontation
Clause guarantee — CHAMBERS V. MISSISSIPPI,
93 S.Ct. 1038 (1973) In the exercise of his
right to Present witnesses in his own defense,
the accused like the State, must Comply with established
rules of Procedure and evidence designed to
assure both fairness and reliability in the
ascertainment of Guilt or innocence.
Miranda V. State of ARizona, 86 S.Ct. 1602 C(1966)

(43) Constitutional rights to assistance of Counsel and
Protection against Self-incrimination were secured
for ages to come and designed to approach immor-
tality as nearly as human institutions can approach
it. U.S.C.A. Const. Amends. 5, 6.

(44)   This motion to the honorable Supreme court Judges to adress these issue Prompts (1) denied medical Care and assistant from 2004 at Howard R. Young Correctional Institute, 1301 East 12th Street Wilmingson DE 19809, denied of my medical treatment, from my accident Feb 2004, clark and Progressive Insurance, and other medical issues and (2) dental care denied of proper dentat care, (3) blood tests, (4) defendant medical record denied of by medical Staff, (5) denial of X-tray, (6) when defendant Put in sick Call, they take up to six month or more to answer, (7) When defendant put in grievance is the same or even worse take more than six month to answer if they lost the record the medical Staff told me to Put in new sick or new grievance, (8) defendant have many grievance to bring to the court to adress these issues (9) defendant have being denied out side medical Care and examination and X-trayi.

(45)   Defendant is challenging the false evidence the grand Jury and the State Department of Justice use against him, because defendant is entirely innocent of all these charges, fundamental miscarriage of Justice, and constitutional errors caused by defense counsels and deputy attorney General from the State Department of Justice, without any scientific or trustworthy evidence. (46) NO rational trier of fact could have found Proof of guilt beyond a reasonable doubt, misguided by the trial Judge and the State attorney.

(44) defendant was denied some one to interpret the English language of the court to defendant about the nature of these proceedings that the court conduct behind and before defendant, A court appointed Attorney or a teacher to interpretable, interpretation, interpretative, denial of due process of law.

(45) Abuse of discretion by the court, and intentionally misconduct faile to investigate that defendant dont understand the English language, doctrine of the court or its laws, and the nature of their proceedings. Defendant

(46) Have know understanding of Judge or Jury trial, the nature of their proceedings are how they conducted, defendant dont know how to select Jury, or how a Jury selection should be conducted for a case.

(47) defendant dont have know understanding about first, second, third, or fourth degree charges, defendant never commit any of those crimes in is life time never lock up before, have no criminal history to speak of, misconduct and misunderstanding by the Police officers, and miscarriage of Justice by the honorable court in violation the due process clause 5th and Fourteenth Amendments. Ity, of the united States constitution.

(47) <u>SCHLUP V. DELO</u>, 513 U.S. 298, 115 S. Ct. 851)
FN60. Steiker, Innocence and Federal Habeas,
41 UCLA L. Rev. 303, 377 (1993); see also
<u>id. at 377. n. 370</u> (collecting cases).
Of greater importance, the individual interest in
avoiding injustice is most compelling in the context
of actual innocence. The quintessential miscarriage
of Justice is the execution * 325 of a person who
is entirely innocent. <sup>FN61</sup> Indeed, concern about
the injustice that results from the conviction of an
innocent person has long been at the core of our
criminal Justice system. That concern is reflected,
for example, in the "fundamental value determination
of our society that it is far worse to convict an
innocent man than to let a guilty man go free." <u>In re
Winship, 397 U.S. 358, 372, 90 S. Ct. 1068, 1077, 25 L.
Ed. 2d 368 (1970)</u> (Harlan, J., concurring). See also
T. Starkie, Evidence 756 (1824) ("The maxim of
the law is ... that it is better that ninety-nine ... offenders
Should escape, than that one innocent man should be
condemned"). See generally Newman, Beyond
"Reasonable Doubt," <u>68 N.Y.U.L. Rev. 979,
980-981 (1993)</u>.

(48) <u>SKinnER V. STATE of Delaware, 575 A.2d 1108) 1990.</u>
[5] The fourth factor, Prejudice to defendant caused by
the delay, "should be assessed in the light of the interests
of defendant which the speedy trial right was designed to
protect."

(49)    <u>Baker v. Wingo, 407 U.S. at 532, 92 S. Ct. at 2193,</u>
<u>33 L. Ed. 2d at 118.</u> The United States supreme court
described those interests to be "(i) defendant pretrial
was Burdensome, unjustly severe, tyrannical incarceration;
(ii) defendant suffering from physical abuse by Prison staff,
and mental distress, from unjust incarceration; (iii)
ineffective assistance of incompetent and impaired
defense counsel's. Id. As to defendant first interest,
defendant incarceration was bias, prejudice, oppressive,
segregate from legal assistance how to get his own
Counsel, segregate from due Process of the law,
segregate from my house, medical record, information,
evidence, investigation, money, bank account, Phone calls,
Doctors, Dentist, bosses, friends, familys in America,
Canada, England, and Jamaica, Put in a I.F. Pod
at Howard R. Young Correctional center for 12 month,
Racial segregation, denied medical assistance,
defendant dont no anything about Police and Prison,
and did not have any one to make Complaint to,
defendant suffer Prejudiced from the denial of effective
Legal assistance of Counsel's in violation of the 5th
and 14th Amendment rights of the united States con-
stitution; It is more than 36 month of Police brutality,
human rights abuses by the State of Delaware, and
miscarriage of Justice by the court. From may 2005
defendant requesting transcript, and counsel's file,
the Superior Court denied defendant access to those
files, and denied defendant the rights to defend him self.

(50) Defendant responding to the trial Judge comments to many of defendant motion for his transcript, warrant, Police reports superior court Rule 16 discovery, Pretrial discovery, information affidavit, Phone calls video taped, hand written letter, state expert, any statement that the state intent to use at trial against defendant. The trial Judge was a stumbling block that cause many errors to defendant case by appointed incompetent counsel's that is bias Presudice against colored and minority race of People in this country even when they are innocent. the attorney that the court appointed to my case is nothing more than an infidels and a heathen, that do not care about defendant interests, freedom, liberty, rights, family, races color, health, cultured, The trial Judge remarks that I will die in a Pagau Prison for my own child that I did not commit a crime against or abuse. the trial Judge was bias Presudice, unfaithful, take disadvantage against defendant, defendant did not even go to school for 5 years of his life time or graduate from any High Schools, dont even have a GED, The Judge give incorrect instruction to the Jury, The Judge know full well that defendant request counsel, and should not be question by the Police officer. August 10, 2004 defendant was in Philadelphia working for his boss, Dan Shinn and was not in Police custody, the arrest date is wrong, too many lies and errars in this case.

(51)  GRAND / PeTIT JURIES Ineffectiveness
Hollis v. Davis, 912 F.2d 1343 (11th cir, 1990.
Trial counsel's failure to contest the composition
of grand and Petit juries, where jury imposed a 92
years sentence on a innocent Jamaican national
from a Jamaican christian family that come to this country
and commit no crimes defendant established that systematic
exclusion of blacks from Jury resulted in Presudice,
and constituted ineffective assistance of counsel.

(52)  Prejudicial Publicity, Due Process requires that all
Parties to an action, civil or criminal, receive a
trial by an impartial Jury or tribunal free from out
Side influences. Extensive newspaper, radio and
television coverage of a criminal trial may deprive
the defendant of a fair trial. See Gag orders, Trial
(Trial by news media).

(53)  Critical Stage. Critical Stage in a criminal Proceeding
at which accused in entitled to counsel is one in which a
defendant's rights may be lost, defenses waived, Privileges
Claimed or waived, or in which the outcome of the case is
otherwise substantially affected. Test of "critical
Stage" of Criminal Proceeding as it relates to right to
Counsel is whether Proceeding either requires offers
opportunity to take Procedural step which will have
Prejudicial effects in later Proceedings, or whether events
transpire that are likely to Prejudice ensuing trial. See
also Counsel, right to; Custodial interrogation.

(54)   Compulsory self-incrimination. Any form of coercion,
physical or psychological, which renders a confession
of crime or an admission involuntary, is in violation of
the 5th Amend., U.S. Const., and due process clause of
14th Amend. Such practices contravene the very basis
of our criminal jurisprudence which is accusatorial
not inquisitorial.

(55)   U.S.V. Devlin, 13 F.3d 1361, 1364 (9th cir. 1994)(failure
to provide transcript of pretrial suppression hearing
to indigent defendant was prejudicial, mandating
reversal). 7&9. U.S. Const. amend. V.
U.S.V. Sells Eng'g, Inc., 463 U.S. 418, 423 (1983); see,
e.g., In re Impounded, 241 F.3d 308, 312 (3d cir. 2001)
(grand jury belongs to no branch of government but
serves as referee or buffer between government and
people); U.S.V. Suarez, 263 F.3d 468, 481 (6th cir. 2001)
(institution of grand jury protects defendant from
prosecutorial vindictiveness). For more information on
the procedural requirements for grand jury indictments,
see indictments in this part. See Costello v. U.S., 350 U.S.
359, 363 (1956). Fed. R. Crim. P. 6(a)(1). The jury
selection and service Act of 1968 controls the impanel-
ment process. See 28 U.S.C. §§ 1861-1878 (2000).
Section 1865 provides that a person shall be deemed
legally qualified to serve as a grand juror unless the person;
(racial discrimination in selection of grand jury strikes at
fundamental values of judicial system and society by
denying defendant right to equal protection of laws and

(56)    remains valid ground for setting aside proper
Conviction). 765. See Castaneda v. Partida, 430 U.S.
482, 494 (1977). (erroneous reduction in number
of peremptory challenges provided by FED. R. CRim.P.
24(b) may constitute reversible error on direct
appeal); U.S. V. Beasley, 48 F.3d 262, 268 n. 5 (7th
cir. 1995) (erroneous refusal to strike jurors for
cause arguably deprives defendant of statutory
right to peremptory challenges under Fed. R. CRim.
P. 24(b); U.S. V. Annigoni, 96 F.3d 1132, 1144 (9th cir. 1996)
(en banc) (denying defendant right to use peremptory
challenges because prosecution used 6 of 8 peremptory
challenges to strike African American venire persons
even though 5 African Americans seated on jury);
Lancaster v. Adams, 324 F.3d 423, 434 (6th cir. 2003)
(allowing 1 African American juror does not preclude
inference of discrimination); Mahaffey V. Page, 162
F.3d 481, 484-85 (7th cir. 1998) (inference of
discrimination because state used its peremptory strikes
to exclude all 7 African American members of jury
venire leaving no member of defendant's race on jury and
crimes at issue were racially sensitive); Fernandez V.
Roe, 286 F.3d 1073, 1079-80 (9th cir. 2002) (inference
of discrimination because prosecutor struck 4 of 7 prosp-
ective Hispanic Jurors and the only 2 prospective African
American Jurors); U.S. V. Joe, 8 F.3d 1488, 1499 (10th cir. 1993)
Saint Francis College v. Al-Khazraji, 481 U.S. 604, 107 S. Ct.
2022, 95 L. Ed. 2d 582 (1987)

(57) Batson v. KENTUCKY, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986); per POWELL, J.__ declining to follow Swain because it "has placed on defendants a crippling burden of proof"__ held that, using the same "combination of factors" as in cases like Castaneda, "a defendant may establish a prima facie case of purposeful discrimination in of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. [Then], the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. [T]he prosecution's explanation need not rise to the level justifying exercise of a challenge for cause. [B]ut the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that the challenged jurors of the defendant's race on the assumption__ or his intuitive judgment__ that they would be partial to the defendant because of their shared race, [because the] core guarantee of equal protection, ensuring citizens that their State will not discriminate on account of race, would be meaningless" if this were permitted.

(58) WYGANT v. JACKSON, BD. OF EDUC, 476 U.S. 267, 106 S. Ct. 1842, 90 L. Ed. 2d 260 (1986); invalidated a layoff provision (Article XII) of a collective bargaining agreement between a Michigan school board (that had not been found to have previously engaged in racially discriminatory hiring practices) and a teacher's union__ that "teachers with the most seniority [shall] be retained except that at no time will there be a greater percentage of minority personnel laid off than the

(59)

current Percentage of minority Personnel [defined as "those employees who are Black, American Indian, Oriental, or of Spanish descendancy"] employed at the time of the layoff." Powell, J., announced the Judgement and an opinion joined by Burger, C.J., and Rehnquist and O'Connor JJ.: "we must decide whether the layoff Provision is supported by a compelling state Purpose and whether the means chosen to accomplish that Purpose are narrowly tailored. * * *

"This court never has held that societal discrimination alone is sufficient to Justify a racial classification. Rather, the court has insisted upon some showing ~~~~~~~ of Prior discrimination by the governmental unit involved before allowing limited use of racial classifications in order to remedy such discrimination [See] Swann. [The theory of the courts below _ ] that the Board's interest in Providing minority role models for its minority students, as an attempt to alleviate the effects of societal discrimination, was sufficiently important to Justify the racial classification embodied in the layoff Provision[_] has no logical stopping Point. The role model/theory allows the Board to engage in discriminatory hiring and layoff Practices long Past the Point required by any legitimate remedial Purpose. Indeed, by tying the required percentage of minority teachers to the Percentage of minority Students, it requires just the sort of Year-to-Year calibration the court stated was unnecessary in [Swann].

(60)  The complaints and arguments defendant his making to the honorable court that defendant and his race e his denied EQUAL PROTECTION of the laws of the State of Delaware, and of the United States constitution by poseful discrimination against members of each of these minority groups, include blacks, Orientals, American Indians, and persons of Spanish descent, denied of proper Education, medical care, Jobs, Equal Protection of the laws, and their due process rights of their 1st, 4th, 5th, 6th, 8th, 14th Amendments of the States, and of the United States constitution.

(61)  The Grand Jury, and the superior court of the state of Delaware have committed a great austerity against defendant by false allegation that cannot be proven because it just never happen, and it will never happen. bias prejudice, hateful, wicked, evil pure hatred by the grand Jury, and the State Department of Justice, and all the above defendants. why the state attorney present so many lies, and misstatements of the facts to the court that never happen, defendant wish to bring all the above defendant to Justice, first start with x wife michelle E. Oson, martha Romasco, fiona Riley, I dont want to hear that they fled the country, I demands that the State find them and bring them back to this country in the interests of Justice, and the wellbeing of all of my children include Elijah J. miller that michelle E. oson kidnapped and take from the State of Delaware, and the baby she killed before she fled to Florida.

(62) defendant asking for his release from the U.S. Federal Government the U.S. Constitution is based on the idea of federalism. Under federalism the authority of the Government is divided between the states and a central Government. The central Government is further divided into three branches: the legislative, which makes the laws; the executive, which carries out the laws; and the judicial, which interprets the laws. Under this separation of powers, no one part of government is able to dominate another. Each branch of government is able to exert its authority to prevent another branch from becoming too powerful.

(63) <u>STRICKLAND v. WASHINGTON, 466 U.S. 668, 106 S. Ct. 2052),</u> <u>1984.</u>                    II

In a long line of cases that includes <u>Powell v. Alabama, 287 U.S.</u> <u>45, 53 S. Ct. 55, 77 L. Ed. 158 (1932),</u> <u>Johnson v. Zerbst, 304 U.S.</u> <u>458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938),</u> and <u>Gideon v. Wain-</u> <u>wright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963),</u> this court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. The Constitution guarantees a fair trial through *685 the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the counsel clause: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial,

(64)    by an impartial jury of the state and district wherein
the crime shall have been committed, which district shall
have been previously ascertained by law, and to be informed
of the nature and cause of the accusation; to be confronted
with the witnesses against him; to have compulsory process
for obtaining witnesses in his favor, and to have the
Assistance of Counsel for his defence."

Thus, a fair trial is one in which evidence subject to adversarial
testing is presented to an impartial tribunal for resolution
of issues defined in advance of the proceeding. The
right to counsel plays a crucial role in the adversarial
system embodied in the Sixth Amendment, since access to
counsel's skill and knowledge is necessary to accord
defendants the "ample opportunity to meet the case of the
prosecution" to which they are entitled. Adams v. United
States ex rel. McCann, 317 U.S. 269, 275, 276, 63 S.Ct.
236, 240, 87 L.Ed. 268 (1942); see Powell v. Alabama, supra,
287 U.S. at 68-69, 53 S.Ct. 63-64.

(65)    Defendant commit no crime, and was denied the equal
protection of the law by the court and the State Depart-
ment of Justice. Davis v. Washington 126 S.Ct. 2266(2006).
Davis involved two different cases with claims based on
Crawford v. Washington, 541 U.S. 36 (2004),

(66)    the state charge defendant with continous abuse of a child
1st of January 1995 when alicia was living in Jamaica
Structural errors. MACH v. STEWART, 129 F. 3d 495)
1997.    False and defective indictment.

(67)    Defendant dont believe Alicia provided the Florida Police with a handwritten statement describing how and when about any sexually assault, defendant did not see the handwritings, defendant object to the hand writings and demand his rights to see those hand writing and inspect by a hand writing expert.

(68)    defendant have no sexual contact with Alicia miller 1995, 2003, or 2004, no time in the child life. All these charges is against my religion, Sodomy, I pray that God struck down every one that committed those sins, my x wife know that I dont do those things, and I hate all who do them with a perfect hate, defendant dont kiss woman Private Pants, I pray that God curse all who commit those acts, and remove them from the earth. Tony V. Gammon, 79 F. 3d 693 (8th Cir. 1996) Habeas Petitioner was entitled through discrovery to access to State's evidence to conduct DNA and other scientific testing, court's denial of discovery is an abuse of discretion if discovery indispensable to a fair, rounder development of material facts. defense counsel failed to investigate Pretrial discovery that Alicia was still sleeping with her brother at age 9 and 10 years old, and michelle and defendant bed room night next to the childrens bedrooms and spencer watson lived with us and Alicia was also sleeping with her Grand mother mayvelin wallace.

(69) defendant Requested that the detective DIANA smith
return defendant wallet that was taken from him
August 11, 2004 $200-visa-credit cards, son picture,
Girl friend ANN movie Pictures copy of birth
certificate, Jamaican bank, Jamaica nationul bank,
where defendant did not have any understanding what
the Police was doing to him or where they was taken
him to, or for what reason. defendant have know
Knowledge of the video tape that the Police made
and how She made it, I did not know when the Police
made the video taped.

(70) defendant requesting Some one from the court to interpret
in English language everything that the Police officer,
defense counsel, and the State attorney has do to
defendant. In the interest of Justice defendant
move and respectfully ask that this honorable court
the detective DIANA Smith remove from active duty,
And the defense counsel, and State attorney from the
Delaware B. Assiation, And turn over every Piece
of false evidence that the State use against defendant.
<u>DunCAN V. State of LouisiANA, 88 S.Ct. 1444 (1968)</u>
the due Process clause of Fourteenth Amendment
Protects right to compensation for property taken by
State; rights of speech, Press, and religion covered by
First Amendment; Fourth Amendment rights to be free
from unreasonable Searches and seizures and to have
excluded from criminal trials any evidence illegally
Seized; right guaranteed by Fifth Amendment to be

(71)

free of compelled self-incriminations and sixth Amendment rights to; defendant is calling for the removal of the trial Judge for the following: (1) abuse of his discretion, (2) lack of understanding, (3) biased brejudice, and no good faith, (4) Racial injustice, (5) failure to judge or understand that defendant is a innocent man, (6) failure to do his duty as a judge, (7) abuse of the power of the court, (8) misconduct, and constitutional errors, (9) failure to judge that defendant did not abuse his daughter Alicia miller, or touched her in any improper ways, (10) failure to appointed effective court appointed counsels, and interpretor to interprete the language of the court in English to defendant. (11) The State Department of Justice, and its Grand Jury, and the superior court Judge William.C. Carpenter Jr. Abused their discretions, and in violation of defendant State, and Federally protected Constitutional rights of the treaties of the united States of America, Jamaica, and the commonwealth of England. defendant grandmother is a white English Doctor that come to Jamaica in the 1920 and married to my grand father, now in this I am asking for assistance from my family in England, and the Jamaican Governments and the American Government for defendant is innocent of all these unwanted evil charges. (12) I would like to take my case to the world court with the legal corpration of the united States, Jamaican Government, an England.

(72) Defendant Request that the state return his House and everything that was in theirs Whore have no under standing of the fals accusation against defendant by the police officers. this is nothing more than Police misconduct, lynching, black-mail, and embarrassment against defendant and family. Just Like Sudas betray for the Position he was Steeling the money from the church and christ speak to him about it, he sold christ for 30 Pices of Silverbut it was know use to him to sell his soul to the Devil.

(73) The evidence from the Police is Poisonous fruits, and misstatement of false evidence to the Jury, and the court by the state attorney Prosecutor against defendant that never happen in mine or my children life; all the civil servant that work for the State of Delaware that make false statement against defendant and lay Person too, the Police and the state believe the criminal and Prostitute that steel my money lived in my house for more than a month and fled the country, and the court faile to acknowledge that they Put a innocent man in their Prison, cruel and oppressive Punishment for know cause, or Justification for the violation of defendant rights. from I was 18 years old I give my life, heart and soul to Jesus my lord and Savior, I have nothing to with lucifer and his falling angels, idolatry wickedness, witchcraft, immorality, defendant is asking for ful restitution from the state Department of Justice, defendant respectful ask that the state take ful responsibility for its actions.

(74)    Detective DIANA Smith, and other Police officers from new castle Police Station b as violated defendant Miranda rights on 8/11/2004 for know reason with out Probable cause, defendant was deprived of his Constitutional guarantee Protection, and Privilege against Self-incrimination, by the Police officers, grand Jury, Deputy Attorney General, trial Judge, and defense counsel that appointed by the Superior court of the State of Delaware.

(75)    The Police officer secretly make a video tape of defendant and turn it over to the state with out defendant knowledge in violation of defendant Fifth Amendment right.

(76)    On June 13, 1966, chief Justice Earl Warren delivered the supreme court's five-to-four decision in the case of Miranda v. Arizona. speak in g for the majority, he, said, "When an individual is taken into custody or otherwise deprived of his freedom by the authorities and is subjected to questioning, the Privilege against Self-incrimination is jeopardized," and, to guarantee Protection for the Privilege, the court had decided that any suspect who met these Conditions "must be warned Prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the Presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires."

(77) Actually, all the Miranda decision did was assure to the uninformed and the poor the same rights that reasonably knowledgeable and prosperous citizens had asserted all along. But bitter and persistent attacks—originated in large measure by policemen and prosecutors who had failed to do their jobs properly in the first place, and then taken up by the right wing as a handy weapon to belabor the "Warren Court" with for a number of its decisions—finally convinced most conservatives and even many moderates that the Court had done something wildly radical. Finally, resentment against the Court reached such inflated proportions that Congress, under the leadership of Senator McClellan, passed a law overturning the miranda ruling. Since 1803, when the Court decided Marbury V. Madison, the Supreme Court had been accepted as the final arbiter of what the constitution meant, and it had been assumed from that point on that Congress could not legislatively overturn any of its rulings. It was also assumed that Congress's attempt to do that in the miranda case would be rejected by the Court as as un-constitutional and a usurpation of the judiciary's rights. On this assumption, which was widely shared by legal experts, Attorney General Clark refused to allow the McClellan law to be used by the Department of Justice. Fearing that if it was followed hundreds of convictions obtained by the Department would later be thrown out by the Courts, he ordered all government agents and prosecutors to continue using the miranda rule.

(78) <u>Motion TO SUPPRESS, To STRIKE All FAISE AND</u> Corrupted, irrelevant, inadmissible, incompetent, incommunicative, incomplete, inconclusive, inconsequent, inconsistent evidence that was made against defendant.

(79) The State Department of Justice, an grounds of Racial injustice, injurious. Causing injury, tending to injure, hurtful, harmful. defiles, definition, of defendant Character in every ways of life, and freedom, and liberty without any Just causes.

(80) Defendant is challenging the evidence that was giving to the grand Jury by michelle E. Ogou, martha Romasco, Alicia miller, Fiona Riley, Anthony miller, and the Detective Police ~~DiAnA Smith, what was giving~~ and where it was giving, and which Person or Persons first made these allegations, against defendant. defendant cannot move this appeal forward with all transcript, and all Pieces of false evidence that was made against defendant by the State are was use by the State against defendant secretely, and deceptive, tending to deceive, misleading, false, delusive, carnally, carelessness; this case infected with constitutional errors. The criminal law is carnally Corrupt, It do not Protect innocent People, when Police deprive them of their rights.

(81) DAVID J. J. FACCIOLO (#2024) Assistant Public Defender, and Detective DIANA Smith from new castle police station conspire and use the video tape that was made in secret without defendant knowledge or consent in violation of defendant miranda, and Fifth Amendment rights. Conspiracy without any investigation or any legal assistance to defendant. and MARK B. CHERNEV Deputy Attorney General, from the State Department of Justice as coconspirator that Comment on false evidence at trial and at Sentencing, and throughout Pretrial Proceedings. in violation of defendant Fifth and 14th Amendments rights of the united States constitution.

(82) Defendant was not indigent it is incompetent and Disadvantaged by the defense counsel's, and the state Department of Justice, misconduct by the police and Violation of Due process of law. lack of proper investigation that let Ziona Riley steal defendant money and left the country, and failure to bring x wife michelle E. ogon to justice because she is white she can commit hate crime, Racial discrimination, Steel defendant money, and use defendant for identity thief, and Fled to Florida, and the state Department failed to invesigate michelle E. ogon, and bring her to Justice. I am not giving up an till she return my son, and pay defendant his money that she steel-

(83) Defendant is denied the effective assistance of counsels, Council, counsellors (counselling, counselled).

(84) Defendant has being denied his right food to eat: Sweetmeat, Sweet-williams oranges apple, necessity, Plantaim mangos, Curry-goat, Curry chicken, Sheep-meat all food, and meat well done, like Hebrew, Israelite cooking. I am a holy man of God, a true Nazarite, I believe that the Sabbath, the day of rest should be kept. Jesus christ said think not that I come to destroy my father laws but to fulfill, them, an the prophecy, A Rabbi, can help the court in this erase how a holy man of christ should be treated, to respect the holy day, of the holy one of Israel. On that day is not a sunday, The Pope change the Sabbath day. I am going to repeat a few words of Jesus christ to the Supreme court. MATTHEW 12:5 Or have ye not read in the laws, how that on the sabbath days the priests in the temple profane the Sabbath, and are blameless?
6 But I say unto you, That in this place is one greater than the temple. 7 But if ye had known what this meaneth, I will have mercy and not sacrifice, ye would not have condemned the guiltless.
8 For the son of man is Lord even of the Sabbath day.

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

May 31, 2005

Sylvester Miller
Howard R. Young Correctional
Wilmington, DE

     RE:   State v. Sylvester Miller
           ID No. 0408012099

Dear Mr. Miller:

     The Court is in receipt of your letter of May 12, 2005 requesting a copy of the transcript in this matter as well as asking the Court to look into the case since you believe you were unfairly found guilty by the jury.  You are presently set for sentencing before me on June 17, 2005, and the Court will not take any action prior to that date.  If you have a concern about your case, you should discuss it with your counsel, Mr. Facciolo and discuss any appellate grounds that might be pursued on your behalf.  As far as I remember, the case was appropriately handled, and there is no reason to attack the jury verdict.  If the case is appealed, transcripts will be prepared for Mr. Facciolo to use in the appeal.

     I would suggest that you concentrate your energies in cooperating with Mr. Facciolo concerning your upcoming sentencing date.

                             Sincerely yours,

                             Judge William C. Carpenter, Jr.

WCCjr:twp

cc:   Prothonotary

*Abuse of Discretion by the honorable court, IN violation defendant 5th and 14th Amendments rights*

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

July 26, 2005

Sylvester Miller
Howard R. Young Correctional
Wilmington, DE

RE:     State v. Sylvester Miller
        ID No. 0408012099

Dear Mr. Miller:

I am in receipt of your letter filed with the Prothonotary on July 12, 2005 requesting that the Court consider appointing different counsel to represent you in the appeal of this matter. Based upon the information you have provided, the Court is going to deny your request.

Clearly Mr. Facciolo is in the best position to present the appeal issues regarding your case. Simply because you are dissatisfied with Mr. Facciolo's efforts and results in this case does not provide justification to appoint you new counsel. The conduct of Mr. Facciolo and whether it met the appropriate standard for representation is not an issue that can be addressed on direct appeal of your conviction and must wait a Rule 61 petition. If we get to that point, the Court would again consider your request for different counsel.

I would again suggest that you direct your energies towards assisting Mr. Facciolo in the appeal in this matter. You do have the right to represent yourself on appeal, but in the Court's opinion, that would be an unwise decision.

Sincerely yours,

*Ineffective Assistance of Counsel*
*Conflict of interest.*

Judge William C. Carpenter, Jr.

WCCjr:twp
cc:     Mark Chernev, Esquire
        David Facciolo, Esquire
        Prothonotary

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19801
(302) 577-7042
(302) 577-7048 (Fax)

ANDREA L. ROCANELLI
Chief Counsel

MICHAEL S. McGINNISS
PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

October 1, 2006

CONFIDENTIAL

Mr. Sylvester Miller (# 532861)
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:    ODC File No. C07-6-6 (David J. J. Facciolo, Esquire)

Dear Mr. Miller:

The Office of Disciplinary Counsel has received your complaints against David J. J. Facciolo, Esquire, who represented you in connection with a criminal prosecution. This Office cannot intervene in a criminal proceeding for any reason. Furthermore, for your general information, this Office has no authority to vacate a conviction, reduce a sentence, or appoint counsel to represent a defendant or grant any other type of substantive relief. We cannot direct the Public Defender's Office or the Court to remove or assign an attorney to a criminal defendant's case. This Office cannot assign an attorney to represent a criminal defendant. More importantly, this Office does not adjudicate claims of ineffective assistance of counsel. This Office does not conduct a disciplinary evaluation or investigation for complaints such as yours because this Office has no jurisdiction to affect your criminal matter.

Your claim is that your attorney has failed to effectively represent you in that he did not obtained the records or file appropriate motions, as well as his failure to make certain objections at trial. Where a complaint filed with this Office relates to alleged ineffective assistance of counsel, as your complaint does, this Office sends the complaint to the criminal defense attorney for appropriate action. This Office does not conduct a disciplinary evaluation or investigation for complaints such as yours because this Office has no jurisdiction to affect your criminal matter. Postconviction remedies are available to the criminal defendant for that purpose.

Mr. Sylvester Miller
October 1, 2007
Page 2                                                    **CONFIDENTIAL**

By copy of this letter with your complaint to Mr. Facciolo, as well as his supervisor, J. Brendan O'Neill, Esquire, I am asking that they promptly evaluate your complaint and take any action they deems appropriate, including contacting you to discuss your concerns. **(However, I am not requesting a written response.)** Pursuant to the authority of this Office under Rule 9(a) of the Delaware Lawyers' Rules of Disciplinary Procedure, this matter is now closed.

Sincerely,

Patricia Bartley Schwartz

PBS:mid

cc:    David J. J. Facciolo, Esquire (w/ enc.)
       J. Brendan O'Neill, Esquire (w/ enc.)

## Certificate of Service

I, _SYLVESTER MILLER_ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Motion FOR Counsels, Motion FoR_

_extention of time. Motion FoR Dismissal of falSe. D. I._ upon the following

parties/person (s):

TO: _CATHY L. HowARD, Clerk_          TO: _____

_SUPREME COURT BUILDING_          _____

_55 THE GREEN_          _____

_DOVER DE 19901_          _____

_P.O. BOX 476_          _____

_DOVER DE 19903_

TO:_____          TO: _____

_____          _____

_____          _____

_____          _____

_____          _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this___ 2 ___day of _January_ ,200 8

_Sylvester miller_

## Certificate of Service

I, _Sylvester Miller_____ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Amend Motion for habea_

_Corpus relief._____ upon the following

parties/person (s):

TO: _Office of the Clerk_       TO: _____
_united States District_        _____
_Court, 844 N. King Street_     _____
_Lockbox 18_                    _____
_Wilmington, Delaware 19801_    _____


TO:_____        TO: _____

_____           _____
_____           _____
_____           _____
_____           _____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.


On this___ _10_ ___day of _July_____ ,200 _8_

_Sylvester Miller_

I.M. *Sylvester Miller*
SBI# 02 5 7 2 9 6 1    UNIT F-6
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570