IN THE United States District Court
For THE District of Delaware

SYLVESTER MILLER,
    Petitioner

V.

PERRY PHELPS, Warden
and Attorney General
of THE STATE OF
DELAWARE,
    Respondents.

1:08-cv-178-GMS



FILED
JUL 18 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RD scanned

Motion to supress defendant statement that was obtained in violation defendand 5th Amendment rights And to dismiss the false and defective indictment; IN the following:
<u>State v. Reyes, Del. Super. 740 A.2d 7 (1999)</u>

1. Where Police officers who took defendant Jamaican national's Custodial Statement failed to inform him of his right under Vienna Convention on Consular Rights to Contact Jamaican Consulate, Suppression of his Statement was required.

2. Defendant Jamaican national, who Sought Suppression of his custodial Statement on ground that Police failed to inform him of his right under Vienna Convention on Consular Rights to Contact Jamaican consulate, was not required to show that he would have Contacted Consul had he know of his right to do so, or that Consul would have changed defendant's decision to speak to Police.

3. When the voluntariness of a custodial statement is called into question, the burden is on the state to prove by a preponderance of the evidence that the suspect waived his rights (Defendant could not have waived his rights, when defendant never commit any crime in his life time, never have any running with the law, or police, never go into a courthouse; No one ever inform defendant waiver or the nature of those proceeding; defendant constitutional rights was waived without his knowledge or understanding of them.)

4: Pretrial motion to suppress custodial statement was proper method for defendant Jamaican National to raise his claim that Police officers who took that statement violated defendant's right under Vienna Convention on Consular Rights to contact Jamaican Consulate. (Defendant request suppression motion through Public defender DAVID J.J. FACCIOLO, I told him about the lisian violation of defendant Miranda rights, 5th Amendment rights and his Consalate rights, Violation of the Vienna convention on Consular Relations: Article 36 (c) (1) Id. (citing U.S. Dept of State, 7 Foreign Affairs Manual 403 (1984)).

(1.) Defendant accused the State Department of Justice: for violation of defendant Constitutional rights of legal, and effective assistance of Counsels, and four years of bias Prejudice, continual Racial discrimination, Frauds, blackmail, and falsify information against defendant.

(4.) If you cannot afford a lawyer and you want one, a lawyer will be provided for you by the Commonwealth without cost to you;

(5.) Do you understand what I have told you?

(6.) You may also waive the right to counsel and your right to remain silent and you may answer any question or make any statement you wish. If you decide to answer questions you may stop at any time to consult with a lawyer.

(6.) Defendant did not waives his miranda rights, or any other constitutional rights he may have; like the State is saying, the Police officer, and the trial court has violated those constitutional rights, failure to read, or advice defendant of his rights.

(7.) The guarantee against self-incrimination is among the protections set out in the 5th Amendment, which declares that no person can be compelled in any criminal case to be a witness against himself. Malloy v. Hogan, 1964, Pennsylvania v. Muniz, 1990, Ashcraft v. Tennessee, 1944, <u>Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758) 1964</u>.

(8.) The State Attorney's landerous falsify documents, and deformation of defendant character throughout the indictment, trial, and at sentencing bias and Presudicial untruthful remarks that is unconstitutionally.

C.C. 7/16/08                                    Sylvester Miller

(2.) Defendant was denied his Constitutional rights to have Compulsory Process for obtaining witnesses in his favor; by Counsel's, the trial Court, and the State Department of Justice of the State of Delaware;

(3.) Defendant 14th Amendment's rights of Due Process Clause has been violated.

(4.) Defendant was denied his Constitutional rights of Confrontation. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065) 1965. To confront Michelle E. Ogan, and Siona Riley, Michelle E. Ogan is the one that call the Police; Alicia Miller did not write those letters and make those Statement against her father for those things never happens. She must be for Sure told to write those things; The trial Judge violated defendant Constitutional right when he stop Alicia Miller from talking, Alicia would told the Court All what Michelle E. Ogan, and Siona Riley told her to write and say against her father; Alicia Miller told her aunt Siona Riley that Michelle E. Ogan used her to put her father in Prison.

(5.) Defendant Miranda rights was violated by the Police officers. Miranda v. Arizona, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S.Ct. 1602 1966. The Police officers failed to give the reading of rights to the accused: (1) You have the right to remain silent; (2) If you choose to speak, anything you say may be used against you in a court of law or other Proceedings; (3) You have the right to consult with a lawyer before answering any questions and you may have a lawyer Present with you during questioning;

I/M Sylvester Miller
SBI# 00532861 UNIT E 6
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
17 JUL 2008 PM 3 T

Office of the Clerk
United States District Court
844 N. King Street, Lock box 18
Wilmington, DE 19801

Legal Mail